[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 150.]

THE STATE OF OHIO, APPELLEE, *v.* SANDERS, N.K.A. HASAN, APPELLANT.

[Cite as *State v. Sanders*, 2002-Ohio-350.]

*Appellate procedure—Application for reopening appeal from judgment of conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to show the existence of a genuine issue as to whether he had been denied the effective assistance of counsel on appeal as required by App.R. 26(B)(5).*

(No. 99-536—Submitted September 18, 2001—Decided January 30, 2002.)

APPEAL from the Court of Appeals for Hamilton County, No. C-960253.

_____

*Per Curiam.*

{¶ 1} Appellant, Carlos Sanders, n.k.a. Siddique Abdullah Hasan, challenges the denial of his application to reopen his direct appeal under App.R. 26(B).

{¶ 2} Sanders was sentenced to death for the aggravated murder of Correctional Officer Robert Vallandingham. The Court of Appeals for Hamilton County affirmed his convictions and sentences. *State v. Sanders* (May 1, 1998), Hamilton App. No. C-960253, unreported, 1998 WL 212756. We affirmed the court of appeals' judgment. *State v. Sanders* (2001), 92 Ohio St.3d 245, 750 N.E.2d 90.

{¶ 3} On July 24, 1998, Sanders filed his App.R. 26(B) application in the court of appeals. That court denied the application, holding that Sanders had failed to show the existence of a genuine issue as to whether he had been denied the effective assistance of counsel on appeal. *State v. Sanders* (Feb. 4, 1999), Hamilton App. No. C-960253, unreported.

{¶ 4} App.R. 26(B)(5) requires that the applicant show "a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." As the court of appeals recognized, *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, sets forth the standard for judging ineffective-assistance claims. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-688, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. Furthermore, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. See, also, *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus.

{¶ 5} *Strickland* charges us to "[apply] a heavy measure of deference to counsel's judgments," 466 U.S. at 691, 104 S.Ct. at 2066, 80 L.Ed.2d at 695, and to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *id*. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. Moreover, we must bear in mind that appellate counsel need not raise every possible issue in order to render constitutionally effective assistance. See *Jones v. Barnes* (1983), 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987.

{¶ 6} Finally, we note that courts must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066, 80 L.Ed.2d at 695.

{¶ 7} The two-part *Strickland* test "is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5)." *State v. Spivey* (1998), 84 Ohio St.3d 24, 25, 701 N.E.2d 696, 697. Applying *Strickland*, we agree with the

court of appeals' conclusion that Sanders has failed to raise a genuine issue of ineffective assistance of counsel.

{¶ 8} Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*Mark C. Piepmeier*, Special Prosecuting Attorney, and *William E. Breyer*, Assistant Special Prosecuting Attorney, for appellee.

*Patricia A. Millhoff*, for appellant.

————————————