JOURNAL ENTRY and OPINION
{¶ 1} Robert L. Turner, the applicant, has timely filed an application for reopening pursuant to App.R. 26(B). Turner is attempting to reopen the appellate judgment that was rendered by this court in Statev. Turner (Nov. 29, 2001), Cuyahoga App. No. 78520, which affirmed his conviction for one count of aggravated burglary (R.C. 2911.11) with a firearm specification and four counts of felonious assault (R.C. 2903.11) with firearm specifications. For the following reasons, we decline to reopen Turner's original appeal.
{¶ 2} The Supreme Court of Ohio, in State v. Smith,95 Ohio St.3d 127, 2002-Ohio-1753, has once again examined the standards that must be applied to an application for reopening. In Smith, the Supreme Court of Ohio specifically stated:
{¶ 3} "Moreover, to justify reopening his appeal, Smith `bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.'State v. Spivey, 84 Ohio St.3d at 25, 701, N.E.2d 696.
{¶ 4} "Strickland charges us to `appl[y] a heavy measure of deference to counsel's judgments,' 466 U.S. at 691, 104 S.Ct. 2052,80 L.Ed.2d 674, and to `indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' id. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674.
{¶ 5} "Moreover, we must bear in mind that appellate counsel need not raise every possible issue in order to render constitutionally effective assistance. See Jones v. Barnes (1983), 463 U.S. 745,103 S.Ct 3308, 77 L.Ed.2d 987; State v. Sanders (2002), 94 Ohio St.3d 150,761 N.E.2d 18." State v. Smith, 95 Ohio St.3d 127, 2002-Ohio-1753, at ¶ 7.
{¶ 6} In support of his application for reopening, Turner raises three proposed assignments of error:
 {¶ 7} "APPELLANT CONTENDS THAT HE WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL IN VIOLATION OF HIS SIX (SIC) AND FOURTEEN AMENDMENTS UNDER THE UNITED STATES CONSTITUTION BY HIS FAILURE TO HAVE SUBSTANTIAL DEFECTS AND OMISSIONS CORRECTED IN THE TRANSCRIPTS OF PROCEEDINGS FOR EFFECTIVE REVIEW.
 {¶ 8} "THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLANT (SIC) COUNSEL IN VIOLATION OF HIS SIXTH AND FOURTEENTH AMENDMENT UNDER THE UNITED STATES CONSTITUTION AND ARTICLE I[,] SECTION 10 OF THE OHIO CONSTITUTION FOR COUNSEL[']S FAILURE TO RAISE AND PUT FORTH THOSE ERRORS THAT CLEARLY SHOWED A VIOLATION OF APPELLANT[']S RIGHT TO A FAIR TRIAL.
 {¶ 9} "THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF THE APPELLANT (SIC) COUNSEL IN VIOLATION OF HIS SIXTH AND FOURTEENTH AMENDMENTS UNDER THE UNITED STATES CONSTITUTION AND ARTICLE I[,] SECTION 10 OF THE OHIO CONSTITUTION FOR COUNSEL[']S FAILURE TO ADDRESS MORE FULLY TRIAL COUNSEL[']S INEFFECTIVE ASSISTANCE WHICH PREJUDICED APPELLANT[']S RIGHT TO A FAIR TRIAL."
{¶ 10} A review of Turner's three proposed assignments of error fails to create a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal. With the exception of Turner's self-serving statements as to the accuracy of the trial court transcript, Turner has failed to demonstrate that the trial transcript is inaccurate or how he was prejudiced by the claimed inaccuracy. State v.Spivey, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696. In addition, Turner has failed to demonstrate that he was actually prejudiced by the performance of appellate counsel upon appeal. As stated previously, appellate counsel is not required to raise every possible issue in order to provide constitutionally effective assistance of counsel. See Jonesv. Banes (1983), 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987; State v.Sanders, 94 Ohio St.3d 150, 2002-Ohio-350, 761 N.E.2d 18. Finally, the proposed claim of ineffective assistance of trial counsel is barred from further review by the doctrine of res judicata since the issue was raised and found to be without merit through the sixth assignment of error as raised in Turner's original appeal. State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104; State v. Murnahan (1992),63 Ohio St.3d 60, 584 N.E.2d 1204. We further find that the circumstances of this case do not render the application of the doctrine of res judicata unjust. State v. Terrell, 72 Ohio St.3d 247, 1995-Ohio-54,648 N.E.2d 1353; State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, reopening disallowed (June 14, 1996), Motion No. 71793.
{¶ 11} Accordingly, Turner's application for reopening is denied.
MICHAEL J. CORRIGAN, P.J., and DIANE KARPINSKI, J., CONCUR.