[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 348.]

THE STATE OF OHIO, APPELLEE, *v*. SNEED, APPELLANT.

[Cite as *State v. Sneed*, 2002-Ohio-4768.]

*Appellate procedure—Application to reopen appeal from judgment of conviction based on claim of ineffective appellate counsel—Court of appeals' denial of application affirmed, when—Application denied when applicant fails to raise a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal as required by App.R. 26(B)(5).*

(No. 2002-0310—Submitted July 24, 2002—Decided September 25, 2002.)

APPEAL from the Court of Appeals for Stark County, No. CA-6976.

_____

**Per Curiam.**

{¶1} Appellant, David Allen Sneed, challenges the denial of his application to reopen his direct appeal under App.R. 26(B).

{¶2} Sneed was convicted of the aggravated murder of Herbert M. Rowan and sentenced to death. Upon appeal, the court of appeals affirmed the conviction and death sentence. *State v. Sneed* (May 22, 1989), Stark App. No. CA-6976, 1989 WL 63272. On February 12, 1992, we also affirmed his conviction and sentence. *State v. Sneed* (1992), 63 Ohio St.3d 3, 584 N.E.2d 1160.

{¶3} In addition, the trial court denied Sneed's amended petition for postconviction relief, and the court of appeals affirmed that judgment. *State v. Sneed* (Sept. 29, 2000), Stark App. No. 1999CA00339, 2000 WL 1476140. We declined to accept Sneed's appeal. *State v. Sneed* (2001), 91 Ohio St.3d 1428, 741 N.E.2d 893.

{¶4} On November 8, 2001, appellant filed the instant application for reopening with the court of appeals pursuant to App.R. 26(B) and *State v.*

*Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, alleging ineffective assistance of appellate counsel in his direct appeal.

{¶5} In denying appellant's application for reopening, the court of appeals relied on the reasoning "contained in the State of Ohio's response in opposition." *State v. Sneed* (Jan. 14, 2002), Stark App. No. CA-6976. The cause is now before this court upon an appeal as of right.

{¶6} We affirm the judgment of the court of appeals. The two-pronged analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess whether Sneed has raised a "genuine issue" as to the ineffectiveness of appellate counsel in his request to reopen his appeal under App.R. 26(B)(5). See *State v. Spivey* (1998), 84 Ohio St.3d 24, 25, 701 N.E.2d 696. To show ineffective assistance, Sneed must prove that his counsel were deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had they presented those claims on appeal. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus. Moreover, to justify reopening his appeal, Sneed "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey,* 84 Ohio St.3d at 25, 701 N.E.2d 696.

{¶7} *Strickland* charges us to "appl[y ] a heavy measure of deference to counsel's judgments," 466 U.S. at 691, 104 S.Ct. 2052, 80 L.Ed.2d 674, and to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," id. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674. "Moreover, we must bear in mind that appellate counsel need not raise every possible issue in order to render constitutionally effective assistance. See *Jones v. Barnes* (1983), 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987." *State v. Sanders* (2002), 94 Ohio St.3d 150, 151-152, 761 N.E.2d 18.

**{¶8}** We have reviewed appellant's three propositions of law alleging, inter alia, deficient performance by appellate counsel. In none of the three propositions of law has Sneed raised "a *genuine issue* as to whether [he] was deprived of the effective assistance of counsel on appeal" before the court of appeals, as required under App.R. 26(B)(5). (Emphasis added.) This decision renders moot Sneed's other issues.

**{¶9}** Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––––––

Robert D. Horowitz, Stark County Prosecuting Attorney, and Ronald Mark Caldwell, Assistant Prosecuting Attorney, for appellee.

David H. Bodiker, Ohio Public Defender, and Christa M. Hohmann, Assistant State Public Defender, for appellant.

––––––––––––––––––