DECISION.
{¶ 1} Petitioner-appellant Carlos Sanders, now known as Siddique Abdullah Hasan, was convicted in March of 1996 of aggravated murder, attempted murder, felonious assault, kidnapping, and robbery. Upon his conviction for aggravated murder, the trial court imposed a sentence of death. The judgment of conviction was affirmed by this court in May of 1998, see State v. Sanders (May 1, 1998), 1st Dist. No. C-960253, and by the Ohio Supreme Court in July of 2001. See State v. Sanders,92 Ohio St.3d 245, 2001-Ohio-189, 750 N.E.2d 90. In April of 2002, the United States Supreme Court denied the appellant's petition for a writ of certiorari. See Sanders v. Ohio (2002), ___ U.S. ___, 122 S.Ct. 1795.
{¶ 2} The appellant filed his first petition for postconviction relief in July of 1997. The common pleas court denied the petition, and the denial of the petition was affirmed by this court in March of 1999, see State v. Sanders (Mar. 26, 1999), 1st Dist. No. C-980154, and by the Ohio Supreme Court in January of 2002. See State v. Sanders,94 Ohio St.3d 150, 2002-Ohio-350, 761 N.E.2d 18.
{¶ 3} In May of 2001, the appellant filed his second postconviction petition and a number of related motions, including a "Motion to Declare Ohio Revised Code Section 2953.23 Unconstitutional." By separate entries dated January 15, 2002, the common pleas court dismissed the second postconviction petition and overruled the various motions, and the appellant appealed.
{¶ 4} On appeal, the appellant advances four assignments of error. For the reasons that follow, we affirm the judgment of the common pleas court.
 I.
{¶ 5} In his third assignment of error, the appellant contends that the common pleas court erred in dismissing his postconviction petition. In his fourth assignment of error, he asserts that the accumulation of the errors identified in his petition's substantive claims "merit[s] reversal [of his conviction] or remand for a proper postconviction process." We address these assignments of error together and determine that they are without merit.
{¶ 6} R.C. 2953.21(A)(2) requires that a postconviction petition be "filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * * ." The appellant's petition was his second attempt at securing postconviction relief and was filed well after the expiration of the time prescribed under R.C. 2953.21(A)(2). R.C. 2953.23 closely circumscribes the jurisdiction of a common pleas court to entertain a tardy or successive postconviction petition: The petitioner must show either that he was unavoidably prevented from discovering the facts upon which his petition depends, or that his claim is predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the expiration of the time prescribed in R.C. 2953.21(A)(2) or since the filing of his last petition; and he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A).
{¶ 7} We conclude that the common pleas court properly declined to entertain the appellant's second postconviction petition, because the record does not demonstrate either that the appellant was unavoidably prevented from discovering the facts underlying his claims or that his claims were predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the filing of his first petition. Accordingly, we overrule the third and fourth assignments of error.
 II.
{¶ 8} In his first and second assignments of error, the appellant contends as follows:
 The trial court erred by failing to declare R.C. 2953.23(A) unconstitutional when it violates the Due Process Clause of the Fourteenth Amendment by denying petitioner a remedy for the deprivation of his right to counsel for an initial capital state postconviction proceeding.
 The trial court erred when it failed to find that the appellant was denied his rights to effective assistance of postconviction counsel and due process under R.C. 2953.21(I) and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.
These contentions are equally feckless.
 A.
{¶ 9} While R.C. 2953.23 restricts the jurisdiction of a common pleas court to entertain a successive or tardy petition, R.C. 2953.21
governs the court's exercise of its jurisdiction over a postconviction petition. R.C. 2953.21(I)(1) affords appointed counsel to any indigent person who has received the death penalty and who intends to seek relief under the statute. But R.C. 2953.21(I)(2) restricts a petitioner's ability to mount a subsequent challenge to the effectiveness of such counsel, providing that "[t]he ineffectiveness or incompetence of counsel during proceedings under this section does not constitute grounds for relief in a proceeding under this section, in an appeal of any action under this section, or in an application to reopen a direct appeal."
{¶ 10} As we noted supra, the appellant filed in conjunction with his postconviction petition a "Motion to Declare Ohio Revised Code Section 2953.23 Unconstitutional." In this motion, he challenged the constitutionality of R.C. 2953.23(A), both on its face and as applied to him. Specifically, he argued that the jurisdictional hurdles posed by R.C. 2953.23(A)'s "unavoidably prevented from discovery" standard and its "clear and convincing evidence" standard violated the Supremacy Clause of the United States Constitution, the doctrine of separation of powers embodied in the federal and state constitutions, and the "due course of law" and "open courts" provisions contained in Section 16, Article I of the Ohio Constitution.
{¶ 11} We note at the outset that the substantive arguments offered by the appellant in support of his first assignment of error essentially parrot those made in support of the motion. Thus, the arguments offered in support of the first assignment of error do not, in any substantive way, speak to the challenge posed by the first assignment of error, i.e., whether the postconviction statutes[1] "violate the Due Process Clause of the Fourteenth Amendment" to the extent that they may be said to "deny [a successive postconviction] petitioner a remedy for the deprivation of his right to counsel [in his] initial capital state postconviction proceeding."
{¶ 12} App. R 12(A) commands a court of appeals to "[d]etermine" an appeal on "the assignments of error." The first assignment of error, by its terms, challenges only the constitutionality of the postconviction statutes in failing to provide a means for challenging the performance of initial postconviction counsel. Consequently, we do not reach the merits of the challenges presented by the arguments offered in support of the first assignment of error to the constitutionality of R.C. 2953.23(A)'s "unavoidably prevented from discovery" and "clear and convincing evidence" standards.
{¶ 13} More significantly, the appellant failed to present in his "Motion to Declare Ohio Revised Code Section 2953.23 Unconstitutional" the challenge that he now poses in his first assignment of error. Thus, this challenge must be deemed waived. See State v. Awan (1986),22 Ohio St.3d 120, 489 N.E.2d 277, paragraph one of the syllabus (in which the Ohio Supreme Court adopted the general rule that the "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore [the issue] need not be heard for the first time on appeal"); In re Williams (Dec. 22, 2000), 1st Dist. Nos. C-990841 and C-990842 (in which this court acknowledged, but declined to reserve to itself, the right reserved by the supreme court inIn re M.D. [1988], 38 Ohio St.3d 149, 527 N.E.2d 286, "to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it"). Accordingly, we overrule the first assignment of error.
 B.
{¶ 14} Turning to the appellant's second assignment of error, we note that the matter of appointed counsel's performance in preparing the appellant's first postconviction petition was the subject of the fortieth ground for relief presented by the appellant in his second petition. In his fortieth ground, the appellant invoked, in support of his claim of ineffective postconviction counsel, the Due Process Clause's guarantee of an "adequate state postconviction procedure." The arguments offered by the appellant in support of his second assignment of error echo those made in support of his fortieth ground for relief. We, therefore, read the second assignment of error to present a challenge to the common pleas court's denial of the petition's fortieth ground for relief, and we conclude that this challenge is feckless.
{¶ 15} As we determined in response to the third assignment of error, the common pleas court properly declined to entertain the appellant's second postconviction petition because the grounds for relief presented in the petition failed to satisfy the jurisdictional requirements of R.C. 2953.23. And as we noted supra, R.C. 2953.21(I)(2) provides that "[t]he ineffectiveness or incompetence of counsel during proceedings under this section does not constitute grounds for relief in a proceeding under this section * * * ." Therefore, we cannot say that the common pleas court erred when it denied the relief sought on the ground advanced in the petition's fortieth ground for relief. Accordingly, we overrule the second assignment of error and affirm the judgment of the common pleas court.
Judgment affirmed.
Gorman, P.J., Doan and Sundermann, JJ.
[1] Although the first assignment of error expressly challenges only the failure of "R.C. 2953.23(A)" to provide a remedy for the ineffective assistance of initial postconviction counsel, we can only assume that the appellant also intended to assail the express prohibition against pursuing any such remedy contained in R.C. 2953.21(I)(2).