JOURNAL ENTRY and OPINION
{¶ 1} Michael C. Tierney has filed a timely application for reopening pursuant to App.R. 26(B). Tierney is attempting to reopen the appellate judgment that was rendered by this court in State v. Tierney, Cuyahoga App. No. 78847, 2002-Ohio-2607, which affirmed his conviction for the offenses of theft, safecracking, and breaking and entering. For the following reasons, we decline to reopen Tierney's direct appeal.
 {¶ 2} Initially, we find that the doctrine of res judicata prevents this court from reopening Tierney's appeal. Res judicata may be applied to bar the further litigation of issues that were previously raised or could have been raised through a direct appeal. See, generally, State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. A claim of ineffective assistance of appellate counsel may be barred from further review by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992),63 Ohio St.3d 60, 584 N.E.2d 1204.
 {¶ 3} Herein, Tierney possessed a prior opportunity to raise the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. In fact, Tierney did file an appeal, pro se, with the Supreme Court of Ohio on June 20, 2002. Since the Supreme Court of Ohio dismissed Tierney's appeal on September 25, 2002, on the basis that his appeal did not involve any substantial constitutional question, res judicata now bars any further review of the claim of ineffective assistance of appellate counsel. See State v. Tierney, 96 Ohio St.3d 1513, 2002-Ohio-44950, 775 N.E.2d 856, We further find that the circumstances of this case do not render the application of the doctrine of res judicata unjust. State v Dehler (1995), 73 Ohio St.3d 307, 652 N.E.2d 987;State v. Terrell (1995), 72 Ohio St.3d 247, 648 N.E.2d 1353; State v.Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, reopening disallowed (June 14, 1996), Motion No. 71793.
 {¶ 4} Notwithstanding the application of the doctrine of res judicata, a substantive review of Tierney's supporting brief fails to support the claim of ineffective assistance of appellate counsel. The two-pronged analysis found in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, must be applied to determine whether Tierney has raised a genuine issue as to the claimed ineffectiveness of appellate counsel on appeal. "To show ineffective assistance, [defendant] must prove that his counsel were deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal." State v. Sheppard (2001), 91 Ohio St.3d 329, 330, 744 N.E.2d 770. See, also, State v. Spivey (1998), 84 Ohio St.3d 24, 701 N.E.2d 696;State v. Reed (1996), 74 Ohio St.3d 534, 660 N.E.2d 456.
 {¶ 5} Tierney, through his application for reopening, attempts to raise twelve proposed assignments of error in support of his claim of ineffective assistance of appellate counsel. These assignments of error involve the following issues: 1) right to impartial judge; 2) denial of discovery; 3) erroneous jury instructions; 4) violation of right to fair trial; 5) defective indictment; 6) peremptory challenges; 7) contamination of jury; 8) right to presence at all stages of trial; 9) sufficiency fo evidence; 10) perjured testimony; 11) confrontation clause violation; and 12) anonymous juror system. Upon direct appeal to this court, Tierney previously raised the issue of sufficiency of the evidence through assignment of error three. This court found that sufficient evidence was introduced at trial to support Tierney's conviction for the offenses of theft, safecracking, and breaking and entering. Res judicata bars any further review of the issue of sufficiency of the evidence.State v. Murnahan, supra. In addition, we have reviewed Tierney's remaining claims of deficient performance by appellate counsel and find that Tierney has failed to raise a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal as required by App.R. 26((B)(5). It must also be noted that appellate counsel is not required to raise every possible issue in order to provide constitutionally effective assistance of counsel. See Jones v. Banes
(1983), 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987; State v. Sanders,94 Ohio St.3d 150, 2002-Ohio-350, 761 N.E.2d 18.
 {¶ 6} Finally, we note that Tierney has not supported his application for reopening with an affidavit averring the grounds for reopening as required by App.R. 26(B)(2)(d).
 {¶ 7} "* * * App.R.26(B)(2)(d) requires a `sworn statement of the basis for the claim that appellate counsel's representation was deficient * * * and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *.' The failure to provide the required sworn statement is also sufficient basis to deny the application. In State v.Lechner (1995), 72 Ohio St.3d 374, 650 N.E.2d 449, the Ohio Supreme Court ruled that the sworn statement is mandatory and upheld the denial of the application because that sworn statement was missing. See, also, State v.Fussell (June 1, 1999), Cuyahoga App. No. 73713, reopening disallowed (Dec. 17, 1999), Motion No. 309186 and State v. Parker (Nov. 24, 1997), Cuyahoga App. No. 71260, reopening disallowed (June 22, 1998), Motion No. 91891." State v. Phillips (Dec. 28, 2001), Cuyahoga App. No. 79192, reopening disallowed (Mar. 8, 2002), Motion No. 35540, at 2-3.
 {¶ 8} The failure of Tierney to provide this court with a sworn affidavit also requires denial of his application for reopening.
 {¶ 9} Accordingly, Tierney's application for reopening is denied.
MICHAEL J. CORRIGAN, P.J. and FRANK D. CELEBREZZE, JR., J. CONCUR.