JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff, City of Cleveland (the "City"), appeals the trial court's decision to suspend court costs against defendant-appellee, Larry Lockwood. For the reasons that follow, we reverse the judgment of the trial court.
 {¶ 2} In 2003, defendant pled not guilty to three first degree misdemeanors: domestic violence,[1] aggravated menacing, and child endangering. The court imposed a $10,000 bond, which defendant posted.[2]
 {¶ 3} The City dismissed the menacing and endangering charges in exchange for defendant's plea of no contest to the domestic violence charge. At sentencing, in lieu of a $1,000 fine and a jail term of 180 days, the court sentenced defendant to 100 hours of community work service and six months of active probation.
 {¶ 4} The court scheduled a probation violation hearing because he did not complete his community service obligation. At that hearing, the court suspended the balance of defendant's community work service and imposed a $500 fine. The court also suspended defendant's court costs. The City appeals the court's decision to waive defendant's costs.
 {¶ 5} The trial court acted contrary to law by suspending the court costs of a non-indigent defendant.
 {¶ 6} In its sole assignment of error, the City argues the court erred by suspending defendant's court costs. According to the City, the court erred because it never made a full determination on whether defendant was indigent, which condition is the only exception to the imposition of what the City says are mandatory costs pursuant to R.C. 2947.23.
 {¶ 7} Defendant asserts the City is incorrect for two reasons. First, defendant says the City is estopped from arguing that court costs should have been imposed on him because it never objected to the court's determination that he was indigent when he was originally sentenced.
 {¶ 8} We reject defendant's argument because the record in this case does not include the transcript from the sentencing hearing. Further, the docket does not show that the court ever made a determination of defendant's indigency during that sentencing hearing. Without the sentencing transcript or a docket entry, this court cannot verify defendant's claim that he was found indigent at his sentencing or whether the City objected to that finding.
 {¶ 9} Second, defendant claims that a court's decision to waive court costs is discretionary. He argues that, absent a finding that the court abused its discretion in suspending costs, the decision to waive costs cannot be reversed. We disagree.
 {¶ 10} R.C. 2947.23, in part, provides:
 {¶ 11} In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs.
 {¶ 12} Because the statute includes the word "shall," compliance is mandatory, not discretionary. Costs may be suspended, however, when a defendant is found to be indigent.Cleveland v. Tighe, Cuyahoga App. Nos. 81767 and 81795, 2003-Ohio-1845.
 {¶ 13} In the case at bar, the transcript from defendant's probation violation hearing shows that defendant told the court he was employed at U-Haul in Bedford, Ohio. Nonetheless, the court suspended all court costs and stated "[d]efendant is indigent." In waiving costs, the trial court explained it did not know about his working at U-Haul. The court added, "He probably did a little tricky stuff. That's okay. I am not getting into that." Tr. 5-6. At a minimum, the finding of indigency should be clear from the record and be based on a reasonable consideration of the circumstances in existence at the time of the finding, including the individual's financial condition.
 {¶ 14} Before the court suspended defendant's court costs and found him to be indigent, it also allowed him to use half of his $1000 bond deposit to pay the $500 fine assessed against him for violating his probation. After paying his fine, defendant received a refund of "$520.00." Docket entry dated 6/19/2003.
 {¶ 15} We agree with the City that the trial court erred in waiving mandatory court costs. The record does not support the trial court's finding of indigency, because the record does not show that this finding was based on the defendant's financial condition or that the court considered any other relevant circumstances from which the court could reasonably find indigency.
 {¶ 16} The City's sole assignment of error is sustained. On remand, the trial court must assess defendant's ability to pay costs as of the date of the probation violation hearing. This matter is hereby remanded for proceedings consistent with this opinion.
 {¶ 17} Judgment accordingly.
 {¶ 18} This cause is reversed.
Blackmon, P.J., and Kilbane, J., Concur.
It is, therefore, ordered that appellant recover of appellee its costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] R.C. 2919.25.
[2] Defendant posted $1,000, the required 10 percent deposit on a $10,000 bond.