JOURNAL ENTRY AND OPINION
{¶ 1} On October 31, 2005, Defendant James Hemphill filed a timely application for reopening pursuant to App.R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v. Hemphill, Cuyahoga App. No. 85431,2005-Ohio-3726, in which we affirmed several of his convictions, vacated ninety-six additional counts, and remanded the matter for resentencing. For the following reasons, we decline to reopen Hemphill's appeal.
 {¶ 2} The doctrine of res judicata prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 1204. The Ohio Supreme Court has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust.State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
 {¶ 3} In the instant case, Hemphill possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel through an appeal to the Ohio Supreme Court. However, Hemphill did not do so and has further failed to provide this court with any valid reason why no appeal was taken. State v. Hicks (Oct. 28, 1982), Cuyahoga App. No. 44456, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994), 70 Ohio St.3d 1408, 637 N.E.2d 6. We further find that applying the doctrine of res judicata to this matter would not be unjust.
 {¶ 4} Notwithstanding the above, Hemphill fails to establish that his appellate counsel was ineffective. "In State v. Reed,74 Ohio St.3d 534, 1996-Ohio-21, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a `genuine issue' as to whether there was a `colorable claim' of ineffective assistance of counsel on appeal." State v. Spivey, 84 Ohio St.3d 24, 25, 1998-Ohio-704,701 N.E.2d 696.
 {¶ 5} Additionally, Strickland charges us to "appl[y] a heavy measure of deference to counsel's judgments," 466 U.S. at 91,104 S.Ct. 2052, 80 L.Ed.2d 674, and to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689, 104 S.Ct. 2052,80 L.Ed.2d 674. Moreover, we must bear in mind that counsel need not raise every possible issue in order to render constitutionally effective assistance. See Jones v. Barnes (1983), 463 U.S. 745,751, 103 S.Ct. 3308, 77 L.Ed.2d 987; State v. Sanders (2002),94 Ohio St.3d 150, 151-152, 761 N.E.2d 18. Furthermore, debatable trial tactics and strategies do not constitute a denial of effective assistance of counsel. State v. Clayton (1980),62 Ohio St.2d 45, 402 N.E.2d 1189. After reviewing Hemphill's proposed assignments of error, we find that he has failed to raise a "genuine issue as to whether he was deprived of the effective assistance of counsel on appeal" as required by App.R. 26(B)(5).
 {¶ 6} In his first two proposed assignments of error, Hemphill argues that his counsel was ineffective for failing to raise the issue of prosecutorial misconduct based on the prosecutor securing an indictment with a sexually violent predator specification even though Hemphill had no prior convictions, and that counsel was ineffective for "failing to subject the State's case to adversarial testing with regards to challenging, prior to commencement of trial, the fraudulent counts of the indictment in violation of the Appellant's due process rights."
 {¶ 7} A review of the record indicates that the sexually violent predator specifications were bifurcated from the underlying charges and were considered by the trial court and not by the jury. Additionally, since the trial court found Hemphill not guilty of the sexually violent predator specifications, Hemphill fails to establish how he was prejudiced. See State v.Robinson, Cuyahoga App. No. 85207, 2005-Ohio-5132.
 {¶ 8} In assignments of error three and five, Hemphill asserts that counsel was ineffective for failing to raise the ineffective assistance of trial counsel. Specifically, Hemphill argues that counsel was ineffective for failing to impeach the testimony of the alleged victim, and by failing to effectively cross-examine the State's witnesses and maintain his client's innocence.
 {¶ 9} "It is well established that a decision regarding the scope of cross-examination is also a matter of trial strategy."State v. Nobles (1998), 106 Ohio App.3d 246, 272-273,665 N.E.2d 1137. As we stated above, debatable trial strategies do not constitute ineffective assistance of counsel. Clayton,
supra. In light of the above authority, this court will not second-guess counsel's trial tactics or his strategy. We further find that Hemphill failed to demonstrate how he was prejudiced by counsel's cross-examination of the victim.
 {¶ 10} In his fourth assignment of error, Hemphill argues that counsel was ineffective for failing to raise prosecutorial misconduct when the prosecutor "knowingly promoted false evidence" that the victim was suicidal. The test for prosecutorial misconduct is whether the remarks were improper and, if so, whether they prejudicially affected the substantial rights of the accused. State v. Smith (1984), 14 Ohio St.3d 13,470 N.E.2d 883. A review of the record indicates that two witnesses testified that the victim was suicidal at the time it was discovered she brought a knife to school. Based on this testimony, we fail to see how the prosecutor's remarks or argument could be considered improper. In his sixth assignment of error, Hemphill argues that he was denied the effective assistance of counsel when his appellate counsel failed to raise as an issue his trial counsel's failure to object to the prosecution's repeated comments regarding the credibility of witnesses.
 {¶ 11} As Hemphill notes in his application, counsel did not object to the alleged comments made at trial. Accordingly, Hemphill waived all but plain error, which does not exist unless, but for the error, the outcome of the trial would have been different. State v. Joseph (1995), 73 Ohio St.3d 450,653 N.E.2d 285. After reviewing the particular instances where Hemphill states that the prosecutor commented either favorably or unfavorably on a witness's credibility as set forth in Hemphill's application, we find no plain error.
 {¶ 12} In his last assignment of error, Hemphill argues that the trial court abused its discretion by not allowing a witness to testify about an allegedly negative test result from a third rape kit. The admission or exclusion of evidence rests within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, 510 N.E.2d 343. Therefore, "an appellate court which reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion." State v. Finnerty (1989), 45 Ohio St.3d 104,107, 543 N.E.2d 1233. See also State v. Adams (1980),62 Ohio St.2d 151, 404 N.E.2d 1287. A trial court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner. A reviewing court should not substitute its judgment for that of the trial court. See, generally, State v. Jenkins
(1984), 15 Ohio St.3d 164, 473 N.E.2d 264; Finnerty, supra, at 107-108.
 {¶ 13} A review of the record indicates that two rape kits in which the results were inconclusive were already admitted into evidence, and there was a question whether the third result was actually negative. Based on these facts, we find that the trial court did not abuse its discretion.
 {¶ 14} Accordingly, the application for reopening is denied.
Blackmon, P.J., Concurs McMonagle, J., Concurs