{¶ 1} On January 5, 2007, applicant Robert Melton filed a timely application for reopening pursuant to App. R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court inState v. Melton, Cuyahoga App. No. 87186, 2006-Ohio-5610. In that opinion, we affirmed Melton's conviction for assaulting a police officer. On February 5, 2007, the State of Ohio, through the Cuyahoga County Prosecutor's office, filed a memorandum in opposition to application for reopening. For the following reasons, we decline to reopen Melton's appeal:
 {¶ 2} The doctrine of res judicata prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised *Page 3 
through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 1204. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992),63 Ohio St.3d 60, 584 N.E.2d 1204.
 {¶ 3} Herein, Melton possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. However, Melton did not file an appeal with the Supreme Court of Ohio and has further failed to provide this court with any valid reason why no appeal was taken. State v.Hicks (Oct. 28, 1982), Cuyahoga App. No. 44456, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994),70 Ohio St.3d 1408, 637 N.E.2d 6. We further find that applying the doctrine of res judicata to this matter would not be unjust. Accordingly, the principles of res judicata prevent further review. State v. Borrero
(Apr. 29, 1996), Cuyahoga App. No. 68289, reopening disallowed (Jan. 22, 1997), Motion No. 72559.
 {¶ 4} Notwithstanding the above, Melton fails to establish that his appellate counsel was ineffective. "In State v. Reed (1996),74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two-prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct 2052,80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). *Page 4 
[Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a `genuine issue' as to whether there was a `colorable claim' of ineffective assistance of counsel on appeal."State v. Spivey, 84 Ohio St.3d 24, 25, 1998-Ohio-704, 701 N.E.2d 696.
 {¶ 5} Additionally, Strickland charges us to "appl[y] a heavy measure of deference to counsel's judgments," 466 U.S. at 91, 104 S.Ct. 2052,80 L.Ed.2d 674, and to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674. Moreover, we must bear in mind that counsel need not raise every possible issue in order to render constitutionally effective assistance. See Jones v. Barnes, (1983),463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987; State v. Sanders (2002),94 Ohio St.3d 150, 151-152, 761 N.E.2d 18. Furthermore, debatable trial tactics and strategies do not constitute a denial of effective assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45,402 N.E.2d 1189.
 {¶ 6} In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld an appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at *Page 5 
most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308. Additionally, appellate counsel is not required to argue assignments of error which are meritless.Barnes, supra. After reviewing Melton's application, we find that he has failed to demonstrate a "genuine issue as to whether he was deprived of the effective assistance of counsel on appeal" as required by App.R. 26(B)(5).
 {¶ 7} Nevertheless, a substantive review of the application to reopen fails to demonstrate that there exists any genuine issue as to whether Melton was deprived of the effective assistance of appellate counsel on appeal. Melton argues that the prosecution failed to disclose, and that his trial counsel failed to obtain, numerous documents which included the victim's medical records and previous witness statements that could be used during cross-examination. However, Melton fails to demonstrate how the result of his trial would have been different had his counsel used these documents during cross-examination.
 {¶ 8} Additionally, we are reminded that reviewing courts must refrain from second-guessing the strategic decisions of trial counsel. In this matter, counsel could have determined that subpoenaing the officer's medical records would have been detrimental to appellant's case. Since Melton failed to demonstrate how the medical records would have worked to his advantage, we cannot find that counsel's failure to utilize such evidence was outside the range of professional assistance. *Page 6 
 {¶ 9} We also find no merit to Melton's argument that the trial court erred by charging him court costs after he was declared indigent. Pursuant to R.C. 2947.23, a court has the authority to assess court costs against indigent defendants. See R.C. 2947.23; City of Clevelandv. Lockwood, Cuyahoga App. No. 83165, 2004-Ohio-2349.
 {¶ 10} Furthermore, as stated above, counsel is not required to argue every issue to render effective assistance of counsel. Consequently, we must give deference to appellate counsel's decision not to include the matters raised in Melton's pro se motion for new trial, especially since Melton failed to demonstrate how he was prejudiced by this decision.
 {¶ 11} Accordingly, Melton's application to reopen is denied.
ANN DYKE, JUDGE
 FRANK D. CELEBREZZE, JR., A.J., and COLLEEN CONWAY COONEY, J., CONCUR *Page 1