[Cite as *State v. Hoffman*, 2017-Ohio-8024.]

STATE OF OHIO MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 15 MA 0182 |
| V. | ) | |
| | ) | OPINION |
| RYAN K. HOFFMAN, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from Youngstown Municipal Court of Mahoning County, Ohio
Case No. 14 TRC 4782

JUDGMENT: Affirmed

APPEARANCES:
For Plaintiff-Appellee Jeffrey Moliterno
Assistant Prosecutor
26 South Phelps Street
Fourth Floor
Youngstown, Ohio 44503

For Defendant-Appellant Attorney Edward Czopur
42 North Phelps Street
Youngstown, Ohio 44503

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: September 25, 2017

DONOFRIO, J.

{¶1} Defendant-appellant, Ryan Hoffman, appeals from a Youngstown Municipal Court judgment sentencing him to 90 days of incarceration following his guilty verdict after a jury trial on one count of operating a vehicle while under the influence (OVI) and one count of a malfunctioning rear license plate light.

{¶2} Appellant was pulled over by Youngstown Police for driving without a working rear license plate light. Upon talking with appellant, Officer Wallace of the Youngstown Police Department detected a strong odor of alcohol, slurred speech of appellant, and redness and wateriness of appellant's eyes. Officer Wallace then conducted field sobriety tests on appellant and concluded that appellant was operating a motor vehicle while intoxicated. Office Wallace then placed appellant under arrest and transported him to the Youngstown Police Department to administer a breathalyzer test.

{¶3} The breathalyzer's results were inconclusive. The reason for the inconclusive breathalyzer result is in dispute but ultimately not relevant to this appeal. Officers then noted that appellant refused to take the breathalyzer test but did not charge him with such refusal and only charged appellant with OVI in violation of R.C. 4511.19(A)(1)(a), an unclassified misdemeanor as appellant had two prior OVI convictions within six years, and a license plate light infraction in violation of R.C. 4513.05, a minor misdemeanor.

{¶4} Appellant filed a motion to suppress evidence from the traffic stop which led to his OVI arrest. While appellant had many issues presented as the basis for his motion, the one at issue in this appeal was Officer Wallace's administration of the field sobriety tests.

{¶5} At the subsequent suppression hearing, appellant's counsel limited the hearing to issues related to "PC for the stop and the actual field sobriety tests that were conducted." (Supp. Tr. at 3). Specifically, appellant took issue with the administration of his horizontal gaze nystagmus (HGN) test performed by Officer Wallace. The issues appellant had with the HGN test are: Officer Wallace's inability to list the total number of clues in the HGN test, the lack of vertical gaze nystagmus

(VGN), equal tracking of the eyes, and the placement of the stimulus. Appellant contended that all of these, taken as a whole, were not substantially compliant with recognized testing procedures, namely the National Highway Traffic Safety Administration (NHSTA) manual, as required by Ohio law and therefore should have been suppressed. However, the trial court denied appellant's motion to suppress on the basis that the motion and supporting memorandum themselves did not state with particularity the issues appellant believed warranted suppression and that the motion itself was factually inaccurate. The matter then proceeded to trial.

{¶6} At trial, the state called two witnesses, Officers Wallace and Short of the Youngstown Police Department. On cross examination of Officer Wallace, appellant's counsel focused on many issues. Relevant to this appeal, appellant's counsel focused on: inaccurate items that were in Officer Wallace's report, the basis for stopping appellant and placing him under arrest, and potential deviations from the NHSTA manual during the HGN test. Appellant's trial counsel did not ask any questions about the other field sobriety tests Officer Wallace performed. Officer Short was only involved with the administration of appellant's breathalyzer test which is not at issue in this appeal.

{¶7} At the conclusion of the state's case-in-chief, appellant moved pursuant to Crim. R. 29 for a judgment of acquittal on the OVI charge. The basis of appellant's motion was he was being charged with OVI as an unclassified misdemeanor as he had received two prior OVI convictions within six years of the charge at issue. Appellant argued that in order to be convicted of OVI as an unclassified misdemeanor, the State had to prove beyond a reasonable doubt that appellant had received prior OVI convictions, which the State did not do in its case-in-chief. Appellant also argued that because Officer Wallace admitted on cross-examination that he deviated from the NHSTA manual in some respects during appellant's HGN test that his Crim.R. 29 motion should be granted. The trial court denied this motion.

{¶8} Appellant was then called as the sole witness for the defense. During direct examination of appellant, he asserted that he was on his way to a neighbor's

birthday party and had not been drinking on the night of his arrest. Appellant also asserted that he had used Listerine mouth wash prior to leaving for the party. Near the end of appellant's direct examination, appellant voluntarily admitted that he had prior criminal convictions. Appellant's counsel asked a few more follow up questions which led to appellant recounting the details surrounding at least one prior OVI conviction.

{¶9} At the conclusion of appellant's case-in-chief, he renewed his Crim.R. 29 motion which the trial court denied. The case was then given to the jury for deliberation. The jury returned a verdict of guilty on both counts. On October 14, 2015, the trial court then sentenced appellant to a $1,000.00 fine plus court costs, 90 days of incarceration, three years of intensive probation, three years operator's license suspension, a drug and alcohol assessment, and restricted plates and ignition interlock for driving privileges. Appellant timely filed this appeal on October 14, 2015. Appellant now raises three assignments of error.

{¶10} Appellant's first assignment of error states:

THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS, RELATIVE TO THE HGN TEST, AS THE STATE FAILED TO SHOW SUBSTANTIAL COMPLIANCE WITH TESTING PROCEDURES.

{¶11} Appellant argues the State failed to show by clear and convincing evidence that Officer Wallace's administration of appellant's HGN test was in substantial compliance with relevant testing guidelines, particularly, the NHSTA manual. Specifically, appellant argues that the HGN test was flawed due to Officer Wallace's inability to: recall the total number of possible clues of intoxication an HGN test can yield, recall if he checked for vertical gaze nystagmus, check for equal tracking of the eyes prior to administering the HGN test, and his inability to properly position the stimulus during the HGN test.

{¶12} A motion to suppress presents a mixed question of law and fact. When

considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate witness credibility. *State v. Burnside*, 100 Ohio St. 3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. The appellate court must accept the trial court's findings of fact if they are supported by competent and credible evidence. *Id.* Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. *Id.*

{¶13} In its journal entry on appellant's motion to suppress, the trial court's basis for denying appellant's motion was due to the insufficiency of the motion and supporting memorandum themselves. The trial court noted that no factual basis pertaining to the case at bar was actually raised in the motion or supporting memorandum. Citing *State v. Johnson*, 137 Ohio App. 3d 847, 739 N.E.2d 1249 (12th Dist. 2000), which cites Crim.R. 47, a motion must state with particularity the grounds upon which it is made.

{¶14} The trial court continues to note that appellant's motion used what appeared to be boilerplate language that contained nothing specific to the case at bar. For example, appellant's supporting memorandum to his motion to suppress raised 10 challenges to a breathalyzer test. However, while a breathalyzer was used in the case at bar, its results were inconclusive and are not at issue in this appeal. The trial court also notes that the supporting memorandum continues to allege that a trooper's conduct was improper. "Trooper" presumably means an officer of the Ohio State Highway Patrol. However, no trooper was involved in this case. The trial court also notes that the supporting memorandum alleges appellant's statements were obtained in violation of appellant's Constitutional rights when no incriminating statements were made.

{¶15} Appellant's supporting memorandum to his motion to suppress only contains three facts which appear to be generic. First, it alleges that "the Trooper did not have a sufficient reason to conduct field sobriety tests in the first place." Second,

it alleges "the Trooper asked Defendant to submit to the field sobriety tests based on the odor of alcohol, time of day, and red glassy eyes." Third, it alleges "There is no evidence of erratic driving or any other 'reasonable and articulable' factors that give Trooper probable cause to ask Defendant to submit to the field sobriety tests."

**{¶16}** The Ohio Supreme Court decided a similar case in *State v. Shindler*, 70 Ohio St. 3d 54, 636 N.E.2d 319 (1994). In *Shindler*, defendant-appellee Shindler filed a motion to suppress evidence stemming from an OVI arrest that was a virtual copy of a sample motion found in Ohio Driving Under the Influence Law (1990) 136-137, Section 11.16. However, the Ohio Supreme Court ruled this motion and its supporting memorandum were sufficient because they "set forth some underlying facts in the memorandum in support of the motion."

**{¶17}** The case at bar is distinguishable from *Shindler* because appellant's supporting memorandum alleges very few facts with any specificity and, in a few instances, incorrect facts. As the trial court noted, the supporting memorandum made three references to a "Trooper." However, no trooper was involved. The only reason relevant to this appeal appellant cited in his motion to suppress was number seven which stated "The field sobriety tests administered to the Defendant were not administered in strict compliance with standardized testing procedures." However, no facts in appellant's supporting memorandum alleged any deviations from any testing procedures. Moreover, field sobriety tests must be administered only in substantial compliance and not strict compliance. R.C. 4511.19(D)(4)(b), *State v. Schmitt*, 101 Ohio St. 3d 79, 2004-Ohio-37, 801 N.E.2d 446 ¶ 9 (2003). Ultimately, appellant's motion to suppress did not satisfy Crim.R. 47.

**{¶18}** When a defendant's motion to suppress raises only general claims, the burden imposed on the state is fairly slight. *State v. Keene*, 7th Dist. No. 08 MA 0095, 2009-Ohio-1201 citing *State v. Johnson*, 137 Ohio App. 3d 847, 739 N.E.2d 1249 (2d Dist. 2000). With a general motion to suppress, the state is only required to demonstrate, in general terms, that it substantially complied with the regulations. *Id.* Unless a defendant raises a specific issue in a motion, specific evidence is not

required. *Id.*

**{¶19}** In this case, at the suppression hearing, the state offered the NHSTA manual as evidence of relevant testing standards, Officer Wallace testified that he was trained in those standards, Officer Wallace testified as to how he implemented the field sobriety tests with regards to appellant, and Officer Wallace testified that he concluded appellant was operating a vehicle while intoxicated. This satisfies the standard set forth in *Keene* and *Johnson*. As such, the trial court ruled properly in denying appellant's motion to suppress.

**{¶20}** Accordingly, appellant's first assignment of error is without merit and overruled.

**{¶21}** Appellant's second assignment of error states:

APPELLANT'S CONVICTION WAS BASED ON INSUFFICIENT EVIDENCE AND/OR APPELLANT'S RULE 29 MOTION SHOULD HAVE BEEN GRANTED AS THE STATE FAILED TO PRESENT ANY EVIDENCE IN ITS CASE IN CHIEF, OR PRESENT THE JURY WITH THE ISSUE OF PRIOR CONVICTIONS SUFFICIENT TO ELEVATE THE OFFENSE FROM A MISDEMEANOR OF THE FIRST DEGREE TO AN UNCLASSIFIED MISDEMEANOR.

**{¶22}** Appellant argues that he was charged with OVI as an unclassified misdemeanor which is a different degree than the first degree misdemeanors associated with normal OVI charges. As an unclassified misdemeanor, appellant claims the state failed to establish one of the elements of the offense beyond a reasonable doubt in its case-in-chief, particularly, the state did not prove that appellant had been convicted of OVI in the past.

**{¶23}** A determination of guilt or innocence is appropriate for a jury when reasonable minds can come to different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. *State v. Bridgeman*, 55 Ohio St. 2d 261, 381 N.E.2d 184 (1978). On appeal, the relevant inquiry for the

appellate court is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of crime beyond a reasonable doubt. *State v. Cloud*, 7th Dist. No. 98 CO 51, 2001-Ohio-3396.

**{¶24}** The original citation issued to appellant listed his offenses as OVI in violation of R.C. 4511.19(A)(1)(a) and a malfunctioning license plate light in violation of R.C. 4513.05. The state restated the same code sections in its bill of particulars that was requested by appellant. The state stated the same OVI code section again in response to appellant's Crim.R. 29 motion at trial. R.C. 4511.19(A)(1)(a) does not list prior OVI convictions as an element to the offense of OVI.

**{¶25}** The Ohio Supreme Court has provided guidance on this issue. In *State v. Allen*, 29 Ohio St. 3d 53, 506 N.E.2d 199 (1987), appellee Allen challenged the trial court's admission of his prior OVI convictions at his OVI trial. Originally, Allen's counsel agreed to stipulate that Allen had been convicted of OVI in the past but only on the condition that the prior convictions be read into the record outside the presence of the jury. All parties agreed but then the trial court read Allen's prior OVI convictions into the record in the presence of jury over Allen's objection. The court of appeals reversed and remanded the trial court's decision on the grounds that prior convictions were not an element of the offense. Additionally, the court of appeals held that the existence of previous OVI convictions did not elevate the offense to one of a more serious degree.

**{¶26}** Affirming the decision of the court of appeals, the Ohio Supreme Court in *Allen* held that neither the OVI statute nor the relevant penalty statute provided that the degree of the offense is increased due to previous OVI convictions, only the penalty is enhanced. *Id.* at 55.

**{¶27}** Applying *Allen* to the case at bar, the trial court ruled properly in denying appellant's Crim.R. 29(A) motion on the grounds that the state did not need to prove appellant had been convicted of OVI in the past. Following the *Allen* decision, appellant's OVI charge as an unclassified misdemeanor is an enhanced

penalty from the standard OVI as a first degree misdemeanor. The only time the trial court should have considered appellant's prior OVI convictions was at sentencing, which the trial court did.

**{¶28}** Accordingly, appellant's second assignment of error is without merit and overruled.

**{¶29}** Appellant's third assignment of error states:

APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS TRIAL COUNSEL ELICITED TESTIMONY THAT WAS OTHERWISE INADMISSIBLE, RELATIVE TO APPELLANT'S PRIOR OVI CONVICTIONS AND PREJUDICED APPELLANT.

**{¶30}** Appellant argues that his trial counsel was ineffective because his trial counsel elicited information from him on direct examination that would have otherwise been inadmissible. Namely, appellant argues that his trial counsel introduced evidence of appellant's two prior OVI convictions on direct examination of appellant. Appellant contends that these convictions prejudiced the jury against him and eliciting such testimony constituted ineffective assistance of counsel.

**{¶31}** When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *State v. Sanders*, 94 Ohio St. 3d 150, 2002-Ohio-350, 761 N.E.2d 18 citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Furthermore, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id. Strickland* charges reviewing courts to apply a heavy measure of deference to counsel's judgments and to indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Id.*

**{¶32}** The beginning of the admission of appellant's prior OVI convictions

appears to have come from appellant himself and not by a question from his trial counsel. In response to a question about whether appellant informed one of the officers administering his breathalyzer test if he had COPD, appellant answered:

> "I told him I had COPD. I told him twice as they were trying to sit there because he kept telling me he was going to give me a refusal and stick me in jail. I said well, do what you got to do. I said I am trying to do the test and he kept telling me I wasn't doing it right. I said I have COPD. I even showed him the [s]car on my chest, you know. And when my anxiety kicks up, you know, a cop pulls you over, you get nervous, I don't care who you are. I had mistakes before in my life but I am passed all that. So whenever I have had those mistakes I pled guilty and settled out and did what I had to do. I wouldn't drag this all the way through to a jury trial if it was something that I did. I am a man and I do keep my word. That's how I feel about it."

Trial Tr. Pg. 107, Ln. 11-25.

**{¶33}** Aside from appellant's Crim.R. 29(A) motion that was argued outside the presence of the jury, there is no evidence in the record of appellant's prior OVI convictions prior to this point. Appellant voluntarily introduced the fact that he had "mistakes" in the past that he pled guilty to. At no point prior to this answer did appellant's trial counsel directly ask appellant about his prior OVI convictions. Appellant's trial counsel only addressed the convictions after appellant volunteered the information himself. After some follow up questions from his trial counsel, appellant elaborated on the circumstances relating to at least one of his prior OVI convictions, which were: his wife had left him, she then moved to Cincinnati, and she was awarded custody of their child. (Trial Tr. Pg. 108, Ln 4-16). Appellant elaborated further that his response to these events was to "stay drunk and I paid the price for it and saw the evil of my ways and woke up and got myself back together again." (Trial Tr. Pg. 108, Ln. 17-24).

**{¶34}** This line of questioning does not fall below an objective standard of reasonableness to satisfy the first element of the *Strickland* test. Appellant opened the door to his prior convictions himself and it appears from the transcript that his trial counsel attempted to turn these prior convictions in a positive light. Namely, by giving the specific circumstances surrounding at least one of the prior convictions, that appellant pled guilty to OVI twice in the past because he committed the crimes. However, appellant contended he was innocent of the charge at issue which is why he did not plead guilty in the case at bar.

**{¶35}** Moreover, there is no indication that, but for this line of questioning, the result of the trial would have been different which is required to satisfy the second element of the *Strickland* test. The state elicited largely uncontested testimony at trial that Officer Wallace stopped appellant's car because of a license plate light infraction, Officer Wallace was trained in performing field sobriety tests, Officer Wallace performed field sobriety tests on appellant, and appellant exhibited multiple signs of intoxication. There is no indication that the jury predominantly focused on appellant's prior OVI convictions rather than the testimony of Officer Wallace that, in his opinion, appellant was operating a motor vehicle while intoxicated.

**{¶36}** Assuming it was originally appellant's trial counsel's decision to have appellant testify at trial about his prior OVI convictions on direct examination, there is still no indication that this testimony rose to the level of ineffective assistance of counsel. It appears from the trial transcript that appellant was trying to explain that he is a man who admits his mistakes when he makes them and that he truly believed he was not guilty of OVI in the case at bar.

**{¶37}** Accordingly, appellant's third assignment of error is without merit and overruled.

{¶38} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Robb, P.J., concurs.