OPINION *Page 2 
{¶ 1} Defendant-appellant Pierre Kennedy appeals from the decision of the Mahoning County Common Pleas Court denying his pre-sentence motions to withdraw his guilty plea and for new counsel. The issues on appeal are whether the trial court should have provided appellant with substitute counsel and whether the court abused its discretion in refusing to allow appellant to orally withdraw his guilty plea at the, but prior to, the sentencing hearing. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} On July 30, 2006, eighty-eight-year-old Otto Jackson was sitting on his front porch at 120 Lafayette Street in Youngstown, Ohio, when appellant approached him to see if he wanted his grass cut. He knew appellant as his neighbor who frequented the abandoned house across the street but who lived on the street behind him. Mr. Jackson pointed out to appellant that his grass was freshly cut. Mr. Jackson then entered his residence and noticed appellant peeking in his windows. Within minutes, two masked men entered his house and demanded money. One pointed a gun at Mr. Jackson, and the other grabbed his wallet. Despite the mask, Mr. Jackson recognized appellant by his features and by his voice as the one who took his wallet.
 {¶ 3} After the intruders left, Mr. Jackson retrieved his own gun and stalked to appellant's house; however, appellant was not at home. Mr. Jackson then identified appellant to the 911 dispatcher. While speaking to the responding officers in front of his residence, Mr. Jackson saw appellant driving past. He identified appellant and the passenger as the two who robbed him. As a result, the police stopped the vehicle and brought Mr. Jackson to the scene to identify the two occupants, appellant and a Eugene Matthews, who were then arrested. Each had exactly the same amount of money ($37) in their pocket. On August 31, 2006, appellant and Matthews were indicted for aggravated robbery and aggravated burglary with firearm specifications.
 {¶ 4} At an October 11, 2006 pretrial, appellant's counsel requested a continuance as he had another case to try. It was noted that defendant Matthews waived his speedy trial rights and wanted a continuance in order to file a late motion to suppress his show-up identification, but appellant would not waive his speedy trial *Page 3 
rights. Since the defendants were to be tried together, the trial court only granted a continuance until appellant's counsel was finished with his other trial. The court also gave permission to file late motions. The state then placed its plea offer on the record asking that the defendants plead guilty as charged in exchange for the state's recommendation of four-year concurrent sentences plus three years on the merged firearm specifications for a total of seven years. The defendants did not take the plea offer.
 {¶ 5} On October 17, 2006, a hearing was held on the suppression motion filed by Matthews, and said motion was thereafter denied. Appellant then sought to terminate his attorney because he did not file the same suppression motion filed by Matthews concerning the show-up identification. Appellant stated that after the prior hearing, he asked his attorney to file such motion, counsel told him he would by the court's new deadline, but counsel then failed to file such a motion. Counsel explained that the Matthews situation was different from the facts surrounding appellant's identification and opined that such a motion in appellant's case would be frivolous. It was noted that Mr. Jackson knew appellant personally as his neighbor and identified him multiple times prior to the show-up, which occurred a mere hour after the robbery and mere minutes after Mr. Jackson pointed appellant out as he drove past the crime scene. The court denied appellant's request to terminate his attorney finding that counsel was competent and that appellant failed to justify counsel's removal.
 {¶ 6} At this same hearing, appellant's counsel sought another continuance due to his continued involvement in a criminal trial and asked for an additional week between the two trials in order to prepare. The trial court declared that due to appellant's failure to relinquish his right to a speedy trial, counsel would have to go to trial immediately after his other case. The court then continued the October 18, 2006 trial date until October 23, 2006. Despite the court's October 17, 2006 statements that counsel would have to try appellant's case immediately after his current case without the requested additional time for preparation, counsel nevertheless filed a written request for the continuance. On October 23, 2006, the court in fact granted appellant a continuance until October 30, 2006. *Page 4 
 {¶ 7} However, appellant pled guilty as charged on October 24, 2006. In exchange, the state again agreed to recommend four-year concurrent sentences plus three years for the firearm specification for a total of seven years. The state also agreed that it would not oppose judicial release. Upon accepting appellant's pleas, the court ordered a presentence investigation and set sentencing for January 4, 2007.
 {¶ 8} On January 4, 2007, both defendants appeared for sentencing and orally asked to withdraw their pleas. Appellant's counsel reiterated appellant's desire to terminate his services. He also noted that appellant felt pushed into pleading and felt that counsel was not prepared for trial due to his other case. By way of explanation, appellant then stated:
 {¶ 9} "I want to withdraw my plea because I tried to fire him before. It was stuff I was asking him to do he wasn't doing, and it was, like, I took the plea because it was, like, if we went to trial being you say even from an aggravated robbery to robbery I wasn't going to go to trial and get twenty-six years. That's why I took the plea. The only thing I was being told is take this deal. It wasn't talk going to trial and it was just, take this deal, seven years, and testify on your codefendant." (Sent.Tr. 6).
 {¶ 10} "Just I feel like I was basically forced because I tried to fire him before because we wasn't seeing eye to eye. You told me I couldn't get a different lawyer. I was telling him I wanted to go to trial. Every time we talked, it was just, take this deal or testify against my codefendant." (Id. at 14).
 {¶ 11} The court prompted appellant to state additional reasons, but appellant stated that there were no other reasons. (Id. at 15). The court then went through various factors used in deciding a pre-sentence request for plea withdrawal.
 {¶ 12} As for appellant's reasons for plea withdrawal, the court noted that it already rejected appellant's complaint about his attorney not filing a frivolous motion to suppress. Regarding counsel's urging him to accept the plea, the court explained that a good attorney is supposed to attempt to negotiate the best deal possible in order to give his client a choice and should not avoid giving his client an honest opinion on the chances of success at trial. The court expressed that appellant's counsel was competent and provided adequate representation. (Id. at 6, 8-12, 14-15). The court *Page 5 
also concluded that it heard no claims that appellant had a complete defense or that he was perhaps not guilty. (Id. at 15).
 {¶ 13} Next, the court pointed out that appellant had multiple pre-trials with three different plea offers. (Id. at 6, 13). The court opined that a thorough plea hearing had been conducted, where appellant assured the court that he was proceeding voluntarily with an understanding of the nature of the charge and the potential sentence. (Id. at 6-7, 15). The court stated that it was providing an extensive hearing on the oral motion to withdraw and was giving careful consideration to that motion. (Id. at 13). Finally, the court found the motion's timing was unreasonable as it was made orally mere minutes before sentencing. (Id.).
 {¶ 14} The court asked the state to express any prejudice it would suffer. The state pointed out that the victim was eighty-eight years old at the time of the offense, that he stated two weeks ago that he would be at sentencing, that he was not in fact present at sentencing and that he thus may be dead. The state concluded that the victim's failure to appear at sentencing and advanced age, placing him at great risk of death and memory lapse, constituted some prejudice for purposes of this factor. (Id. at 12).
 {¶ 15} Defense counsel responded by noting that the victim's testimony was preserved in the preliminary hearing transcript which would be available for trial. (Id. at 15). The court agreed the state highlighted some prejudice and also noted the work put in by all parties and the court, the overcrowding at the jail and the other defendants whose cases would be pushed back. (Id. at 16).
 {¶ 16} At that point, the court overruled appellant's motion. (Id. at 17). The court then proceeded to sentencing. Appellant apologized for what he did and expressed that he wanted to tell Mr. Jackson that he was sorry and that he would not do it again. (Id. at 22). The court sentenced appellant to a total of seven years as recommended by the state. On January 8, 2007, the court journalized the sentence and the denial of appellant's motion to withdraw his plea and to terminate his counsel. This entry repeated the court's findings regarding the factors to be considered on a presentence plea withdrawal motion. Appellant filed timely notice of appeal. *Page 6 
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 17} Appellant sets forth two assignments of error, the first of which provides:
 {¶ 18} "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION BY REFUSING TO GRANT DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS PREVIOUS PLEA OF GUILTY WHERE SUCH REQUEST WAS MADE PRIOR TO THE IMPOSITION OF SENTENCE."
 {¶ 19} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." This rule provides a strict test for deciding a post-sentence motion to withdraw a guilty plea, but gives no guidelines for deciding a presentence motion. State v. Xie (1992), 62 Ohio St.3d 521, 526. According to case law, the trial court must conduct a hearing on the motion and decide whether there is a reasonable and legitimate basis for withdrawal of the plea. Id. at 527. It has further been established that a presentence motion to withdraw a guilty plea shall be freely and liberally granted, but the decision on said motion is within the trial court's sound discretion. Id. at 526, 527. Thus, the appellate court reviews for an abuse of discretion and can reverse only if the court acts unreasonably, arbitrarily or unconscionably. See id.
 {¶ 20} Some of the factors that are weighed in considering a presentence motion to withdraw a plea include the following: (1) whether the state will be prejudiced by withdrawal, (2) the representation afforded to the defendant by counsel, (3) the extent of the Crim.R. 11 plea hearing, (4) the extent of the hearing on the motion to withdraw, (5) whether the trial court gave full and fair consideration to the motion, (6) whether the timing of the motion was reasonable, (7) the reasons for the motion, (8) whether the defendant understood the nature of the charges and potential sentences, (9) whether the accused was perhaps not guilty or had a complete defense to the charge. State v.Cuthbertson (2000), 139 Ohio App.3d 895, 898-899 (7th Dist.); State v.Thomas (Dec. 17, 1998), 7th Dist. Nos. 96CA223, 96CA225, and 96CA226, citing the factors first set forth in State v. Fish (1995),104 Ohio App.3d 236, 240. *Page 7 
 {¶ 21} The list is not exhaustive, and thus, other factors deemed relevant can be considered as well. Although prejudice to the state is said to be a very important factor, no one factor is conclusive.Cuthbertson, 139 Ohio App.3d at 799, citing Fish,104 Ohio App.3d at 239-240.
 {¶ 22} As appellant points out, this court reversed a trial court's refusal to grant a pre-sentence plea withdrawal in Cuthbertson. However, that defendant had written a letter to the court explaining his reasons desiring withdrawal. The letter was written a mere week after his plea and two weeks before sentencing. Thus, he did not show up for sentencing with a surprise motion. Cuthbertson not only expressed that his counsel compelled him to plead to avoid life without parole, but he also maintained his innocence throughout, noting that he was present as an innocent bystander but was not the perpetrator. Additionally, his attorney did not seem to assist in his plea withdrawal at the hearing. Finally, there was no allegation of prejudice to the state besides the need to try a case they thought they had pled out, which exists in all plea withdrawal cases.
 {¶ 23} In contrast, appellant waited until the sentencing hearing to orally request plea withdrawal. Notably, that sentencing hearing wasmore than two months after the plea was entered. This can be considered unreasonable, especially since no reasons were expressed for the lack of timeliness. Moreover, appellant has not revealed the existence of a defense. In fact, it was expressed that the victim was his neighbor who knew his voice, recognized him despite his mask and had just spotted him without a mask peeking in his window before the robbery. (The state also notes that at sentencing after the denial of his motion, appellant admitted his guilt when apologizing to the victim and promising never to do this again.)
 {¶ 24} Furthermore, the state set forth some indication of prejudice above that which exists in all plea withdrawal cases. That is, the victim was eighty-eight years old at the time of the offense. Two weeks prior, the victim advised the state that he would be present at sentencing; however, he did not appear. Thus, the state was concerned about his physical well-being. His advanced age is a consideration. This is especially true when combined with the fact that trial should have taken place on October 30, 2006, as appellant claims he desired. Appellant's attorney attempted to respond to the *Page 8 
state's claim of prejudice by noting that the victim's testimony was preserved in a preliminary hearing transcript that could be used at trial if the victim was incapacitated. Thus, it cannot be said that counsel sat idly by or was busy defending his own actions while the defendant was left to argue his motion pro se.
 {¶ 25} As for counsel's prior representation, there is no indication of inadequacy or conflict, which will be discussed further in appellant's next assignment. Failure to see eye to eye and failure to file a motion the court determined that counsel could reasonably deem frivolous are not sufficient reasons to deem the plea in need of withdrawal. Counsel's advice to his client that he would be wise to take the plea offered or his suggestion to seek an even better plea offer by testifying against Matthews are not the negative allegations that appellant makes them out to be. In addition, it can be seen from the record that counsel was contemplating taking the case to trial very seriously as he participated in hearings seeking continuances and filed motions for extensions of the trial date in order to more fully prepare the case for the expected trial.
 {¶ 26} As for the final reason expressed for withdrawal, which we have relocated here from appellant's second assignment of error, appellant states that he was forced to plead to avoid going to trial with an unprepared attorney. However, under the circumstances herein, the court's oral refusal to grant a longer continuance does not equate with an act of the court which forced appellant to plead.
 {¶ 27} As aforementioned, at the October 17, 2006 hearing, counsel asked for a continuance due to involvement in another trial and sought an extra week in order to properly prepare. Due to appellant's refusal to waive his speedy trial rights, the court threatened to refuse to allow a continuance for any longer than the end of counsel's other trial. Appellant's October 18, 2006 trial date was moved to October 23, 2006, which would allow for counsel's other trial but would not provide much time to prepare between trials.
 {¶ 28} Even assuming a person would rationally choose to plead guilty solely because they did not wish to waive their speedy trial rights (which mean nothing once you plead) and even assuming (without deciding) the trial court improperly demanded a speedy trial rights waiver in return for a continuance, the trial court here did in fact *Page 9 end up granting the requested continuance. Specifically, upon counsel's written request sought on October 20, 2004, the trial court on October 23, 2006, granted a continuance until October 30, 2006. Thus, trial was extended yet another week.
 {¶ 29} Nevertheless, appellant pled guilty on October 24, 2006. Consequently, he pled even after the court submitted to his counsel's request for a continuance. It is also noted that appellant did not mention this complaint regarding the continuance at the plea hearing and in fact answered that he was not forced to enter his plea. As such, the argument that he was forced to plead due to the lack of a continuance (and the factor regarding the reasons for plea withdrawal) can be attributed less weight than appellant assigns.
 {¶ 30} Next, as the trial court disclosed, appellant was presented with various offers at multiple pretrials in the case. In fact, the court had advised appellant at the October 11, 2006 pretrial that it was the only day the court would accept his plea as it was time to decide whether to make a deal or go to trial. Appellant refused the offer at that time. Thus, it was for appellant's benefit that the court went against its prior deadline and allowed appellant to plead later after yet another round of negotiations. In a similar vein, we also note that appellant was arrested on July 30 and held in jail in lieu of bail, providing plenty of time for consideration of the charges, the plea offers and the option of timely plea withdrawal. In other words, this was not a case of a rushed offer and acceptance of a plea agreement.
 {¶ 31} As for the other factors, appellant had a full hearing on his motion to withdraw. He was given the opportunity to set forth all his reasons and complaints. The court appears to have given full and fair consideration to the motion. The court made findings regarding all the listed factors at the hearing and again in a judgment entry. The court had previously conducted a full and compliant Crim.R. 11 plea hearing. Appellant's only concerns expressed at that hearing were about whether the court would maintain the sentence recommended by the prosecutor and the details of and chances for judicial release. He did not and has not expressed any lack of understanding of the nature of the charges or the possible sentences.
 {¶ 32} For all of the foregoing reasons, we conclude that the court soundly exercised its discretion to deny appellant's motion to withdraw his guilty plea. Although *Page 10 
the court could have granted the motion if it desired, the failure to do so is not unreasonable, arbitrary or unconscionable under the circumstances of this case. As such, this assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 33} Appellant's second assignment of error provides:
 {¶ 34} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FAILING TO REMOVE APPELLANT'S TRIAL COUNSEL AFTER NOTIFICATION OF A BREAKDOWN IN COMMUNICATIONS AND ERRONEOUSLY CONCLUDING THAT CONSIDERING THE PARTIES ATTORNEY-CLIENT RELATIONSHIP APPELLANT'S GUILTY PLEAS WERE INTELLIGENTLY, KNOWINGLY AND VOLUNTARILY MADE."
 {¶ 35} Appellant states that the record hints at a breakdown in communications and establishes he was dissatisfied with counsel. He adds that the extent of the communication problems is evidenced by unnamed occurrences outside of the record.
 {¶ 36} As the state points out, we only review the evidence on the actual trial court record for purposes of direct appeal. See, e.g.,State v. Hartman (2001), 93 Ohio St.3d 274, 299 (stating that if establishing ineffective assistance of counsel requires proof outside the record, then such claim is not appropriately considered on direct appeal); State v. Ishmail (1978), 54 Ohio St.2d 402, 406 (noting that the appellate court is limited to what transpired as reflected by the record on direct appeal). Thus, his suggestions of evidence existing de hors the record cannot be addressed.
 {¶ 37} As for his remaining allegations, an indigent defendant is not entitled to terminate counsel at his whim since his only right in this regard is to competent, effective representation. State v. Murphy
(2001), 91 Ohio St.3d 516, 523; State v. Cowans (1999),87 Ohio St.3d 68, 72. Thus, an indigent defendant is entitled to new counsel only upon a showing of good cause, such as a conflict of interest, incompetence or a complete breakdown in communication. As for the communication issue, the defendant must show a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to the effective assistance of counsel. State v. Coleman (1988),37 Ohio St.3d 286, 292. *Page 11 
 {¶ 38} Notably, the right to counsel does not guarantee the defendant a meaningful relationship with counsel. Morris v. Slappy (1983), 461 U.S. 1, 13-14. Hostility, tension, or personal conflicts between an attorney and a client that do not interfere with the preparation or presentation of a competent defense are insufficient to justify a change in appointed counsel. State v. Henness (1997), 79 Ohio St.3d 53, 65-66. Removal of appointed counsel is not warranted simply because counsel's trial tactics or approach vary from those which the defendant desires.State v. Glasure (1999), 132 Ohio App.3d 227, 239 (7th Dist.).
 {¶ 39} Appellant relies on the fact that the court knew he was unhappy that his attorney would not file the requested motion to suppress the show-up identification similar to that filed by his codefendant's attorney. The trial court had the opportunity to evaluate this complaint at the pretrial and revisited the issue at the sentencing-turned-plea-withdrawal hearing. At the pretrial, counsel explained why the motion to suppress filed by the codefendant was inapplicable to appellant.
 {¶ 40} Specifically, appellant was the victim's neighbor who frequented the abandoned house across the street from the victim. The victim knew appellant by sight and by voice as he was personally acquainted with him. In fact, minutes prior to the robbery, appellant approached the victim about cutting his grass and was then spotted peeking in the victim's windows. After the robbery, the victim went straight to appellant's door in an attempt to retrieve his stolen property. The victim identified appellant by first name, described him as his neighbor and gave appellant's address to police and to 911. He also pointed out appellant as he traveled past the crime scene. Thus, counsel could rationally conclude that when the police stopped appellant and brought the victim over for a show-up identification, there was no constitutional violation for suggestive law enforcement procedures because it was the victim himself who instructed the police to stop appellant. These same facts did not apply to the codefendant. The codefendant's motion was denied in any case. As such, prejudice in this regard was lacking.
 {¶ 41} In conclusion, counsel could rationally refuse to file a motion to suppress the identification as frivolous or without reasonable basis. It is the attorney who makes decisions on what arguments the law will support without going over the line of frivolity. *Page 12 
The court's decision upholding counsel's approach was not erroneous. The existence of this dispute did not constitute a complete breakdown in the attorney-client relationship. The later addition of not seeing "eye to eye" did not raise the dispute to the level of a complete communications breakdown. The trial court's decision denying appellant's request for substitute counsel on the grounds voiced is upheld.
 {¶ 42} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
DeGenaro, P.J., concurs.
 Donofrio, J., concurs. *Page 1