OPINION AND JOURNAL ENTRY *Page 2 
{¶ 1} Defendant-appellant William Jones has filed a timely application to reopen his direct appeal after this court's December 31, 2007 decision affirming his drug trafficking convictions in State v.Jones, 7th Dist. No. 06MA17, 2007-Ohio-7200. In that appeal, counsel filed four assignments of error. The first assignment alleged an equal protection violation due to the varying methods of weighing "wet" crack cocaine, and the second assignment raised sufficiency and weight of the evidence arguments concerning the jury's decision on the weight of that crack cocaine. The third assignment raised sufficiency and weight of the evidence regarding a specification that an offense was committed in the vicinity of a school. The fourth assignment complained about the admission of other acts evidence. In his application for reopening, appellant seeks to raise an additional seven assignments of error. For the following reasons, reopening is granted in part, allowing a new brief to be filed on the issue of post-release control notification at sentencing.
 {¶ 2} Pursuant to App.R. 26(B)(1), a criminal defendant may seek reopening based upon a claim of ineffective assistance of counsel. The defendant must set forth any assignments of error not considered on the merits or considered on an incomplete record due to appellate counsel's deficient representation. App.R. 26(B)(2)(c). The application shall be granted if there is a genuine issue as to whether the defendant was deprived of the effective assistance of counsel. App.R. 26(B)(5).
 {¶ 3} The typical two-pronged analysis for assessing ineffective assistance of counsel is the appropriate standard to assess whether a reopening applicant has raised a genuine issue as to the ineffectiveness of appellate counsel. See State v. Spivey (1998), 84 Ohio St.3d 24, 25, citing Strickland v. Washington (1984), 466 U.S. 668, 687. Thus, the applicant must prove that his counsel was deficient for failing to raise the issues that he now presents and that there was a reasonable probability of success had counsel presented those claims on appeal.State v. Tenace, 109 Ohio St.3d 451, 2006-Ohio-2987, ¶ 5.
 {¶ 4} Counsel's performance is deficient if it falls below an objective standard of reasonableness. State v. Reynolds (1998),80 Ohio St.3d 670, 674. The defendant must produce evidence that counsel acted unreasonably by substantially violating essential duties owed to the client. State v. Sallie (1998), 81 Ohio St.3d 673, 674. *Page 3 
Because attorneys are presumed competent, reviewing courts strongly assume that counsel's performance falls within a wide range of reasonable legal assistance. State v. Carter (1995), 72 Ohio St.3d 545,558.
 {¶ 5} Upon demonstrating counsel's deficient performance, the defendant then has the burden to establish prejudice to the defense as a result of counsel's deficiency. Reynolds, 80 Ohio St.3d at 674. The reviewing court must look at the totality of the evidence and decide if there exists a reasonable probability that, were it not for serious errors made, the outcome of the trial would have been different.Strickland, 466 U.S. at 695-696. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
 {¶ 6} It should finally be noted that appellate counsel need not raise every possible issue in order to render constitutionally effective assistance. Tenace, 109 Ohio St.3d 451 at ¶ 7, citing State v.Sanders (2002), 94 Ohio St.3d 150, 151-152, "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983),463 U.S. 745, 751.
 {¶ 7} Appellant's first proposed assignment of error complains that the trial court denied him conflict-free representation of his choosing. In support, he cites a pretrial transcript, which appellate counsel did not order, and claims that the trial court failed to inquire sufficiently into his reasons for desiring to hire counsel to substitute appointed counsel. He also points to a December 1, 2005 judgment entry continuing the case at defense counsel's request as evidence that trial counsel was unprepared.
 {¶ 8} Initially, we point out that the file revealed no indication of an appealable matter on this topic, and appellate counsel is not required to automatically order every pretrial transcript in every appellate case. In fact, pretrials are only sometimes recorded. See Crim.R. 17.1 (pretrial shall be recorded where unrepresented by counsel). Appellant does not indicate that he made appellate counsel aware of his late request for hired counsel. No deficiency is apparent here.
 {¶ 9} In any event, suggestions on reopening that trial counsel urged the defendant to accept a plea do not establish new counsel was necessary. See State v. Kennedy, 7th Dist. No. 07MA9, 2008-Ohio-1538, ¶ 25;State v. Jones, 7th Dist. No. 07MA81, 2008-Ohio-1536, ¶ 30-31 (the appeal from the dismissal of appellant's post-conviction petition). In fact, appellant did not inform the trial court of this or any other *Page 4 
allegations, such as the general and unspecified conflict allegation he raises here. The limited judicial duty to inquire into a complaint for new counsel arises only if the allegations are sufficiently specific; vague or general complaints do not trigger the trial court's duty to investigate further. State v. Johnson, 112 Ohio St.3d 210,2006-Ohio-6404, ¶ 68.
 {¶ 10} We also note that there is no right to a choice of appointed counsel. State v. Cowans (1999), 87 Ohio St.3d 68, 72. And, there is no indication that appellant could afford to hire counsel after having just claimed indigency. In addition, his request was untimely made. As the trial court stated, one cannot set forth such an unsupported request the day before the scheduled trial. Moreover, when counsel successfully sought a continuance of that trial date, it was appellant's duty to reassert his right to hire counsel and in fact go out and hire counsel if he could afford to do so during the period of continuance. Finally, the continuance entry itself does not support a presumption that new counsel was required. Counsel's successful request for a continuance does not lead to a conclusion that counsel was unprepared at a trial held over one month after said request. Reopening is denied on these arguments.
 {¶ 11} Appellant's second and fourth proposed assignments of error argue that the trial court committed plain error and trial counsel should have objected to the jury instruction concerning the school specifications on counts one, two and three. He argues that the vicinity of a school specification requires the mental state of recklessness and the failure to instruct on such mental state allowed the jury to convict him as if he were strictly liable. His argument relies upon the holding in State v. Lozier, 101 Ohio St.3d 161, 2004-Ohio-732.
 {¶ 12} In Lozier, the Supreme Court held that although the vicinity of a juvenile specification was a strict liability offense, the vicinity of a school specification required the mental state of recklessness. Id. at ¶ 40. In so holding, the Court pointed out that the statute defining the juvenile specification specifically stated "regardless of whether the offender knows the age of the juvenile, whether the offender knows the offense is being committed within one hundred feet of or within the view of a juvenile * * *." Id. at ¶ 35, citing R.C. 2925.01 (BB). The Court described this language as an instance of the legislature making it "abundantly clear that the officer's mental state is irrelevant in determining whether the offender has committed an offense `in the vicinity of a juvenile.'" Id. at ¶ 36. See, also, id. at ¶ 41-44 (noting in dicta that due to the varying *Page 5 
distance requirements in the specifications, the differing degrees of mental culpability were consistent with a coherent legislative policy).
 {¶ 13} However, within months after the Lozier decision, the legislature amended the definition of "vicinity of a school" to add language consistent with the language in the "vicinity of a juvenile" definition. Specifically, they added "regardless of whether the offender knows the offense is being committed * * * within one thousand feet of the boundaries of any school premises." R.C. 2925.01(P) (eff. 09//23/04). Thus, using the Lozier analysis, the added language changed the specification's mental state from recklessness to strict liability. See State v. Davis, 7th Dist. No. 05MA235, 2008-Ohio-_____, ¶ 3 (reopening denied). Since appellant's offenses were committed in 2005, this amendment is applicable herein. Applying the amended definition, appellant's argument (that the court should have instructed on recklessness as the mental state for the school specification) is without merit, and reopening is denied on this ground.
 {¶ 14} Appellant's third and fifth proposed assignments of error contend that the trial court committed plain error and trial counsel should have objected to the jury instruction on a lesser included offense on count four. Count four entailed trafficking in ten grams or more but less than twenty-five grams of crack cocaine. The court instructed the jury that if they found appellant not guilty of this offense, due to the weight of the drug, then they should continue to determine whether the state proved beyond a reasonable doubt all of the elements of trafficking in crack cocaine in an amount that is greater than five grams but less than ten grams. (Tr. 558). The court specified that the only distinguishing factor in the two choices is the amount. (Tr. 559). Plain error is not apparent, and a failure to object to the contents of this instruction was not deficient. In addition, appellant was convicted as charged, with trafficking in more than ten grams. Thus, his vague argument fails to show prejudice.
 {¶ 15} As to the decision to provide an instruction on the lower amount, trial counsel specifically agreed with the court that the lesser included offense instruction was proper. (Tr. 500-501). This was not ineffective. Notably, it was a main defense argument that the crack in count four weighed under, not over, ten grams.
 {¶ 16} Regarding appellant's complaint here that an affirmative defense was omitted from the instructions, the allegation that the state is framing him or uses poor testing is not the type of affirmative defense for which special instructions are given. *Page 6 
Rather, this is an argument of the defense that falls under the general weight of the evidence and credibility assigning functions of the jury.
 {¶ 17} Finally, contrary to appellant's contention, there is no indication that the state presented two baggies of crack as one transaction in one baggie. Rather, the victim's testimony was clear that there was one bag sold on May 27, 2005 and a different bag sold on July 21, 2005. (Tr. 235, 240). There are no grounds for reopening apparent in these proposed assignments of error.
 {¶ 18} Appellant's sixth proposed assignment of error deals with sentencing. Appellant was sentenced to a maximum sentence of eighteen months on the fourth degree felonies in counts one and two to run concurrently. Appellant was also sentenced to a maximum sentence of five years on the third degree felony in count three and a mid-range sentence of five years on the second degree felony in count four. These two five-year sentences were ordered to run consecutively to each other and consecutively to the eighteen-month sentence, for a total of eleven and one half years in prison.
 {¶ 19} Appellant alleges that his sentence was unconstitutional and claims that his sentence was essentially a "trial tax," alleging that the trial court focused on the fact that he did not accept the state's two-year plea offer. We note that it was defense counsel who first characterized the state's recommendation as a "trial tax." (Tr. 15). Although the trial court noted that appellant would have been better off accepting the plea, the court did not state what the plea offer was and did not give an indication that the sentence it chose was based upon the refusal to enter a plea. The court merely pointed out that, unlike a certain named judge, it does not limit its sentencing parameters to those contained in rejected plea agreements, and the court specifically rejected the idea of a "trial tax." (Tr. 16-17). The court thereafter provided multiple reasons for the sentence that had nothing to do with the refusal of the plea bargain.
 {¶ 20} Finally, appellant has not met his burden of showing a genuine issue concerning appellate counsel's ineffectiveness for failing to argue the sentence was too harsh on appeal. Arguments regarding unconstitutionally harsh sentences are rarely adopted. See State v.Goins, 7th Dist. No. 02CA68, 2005-Ohio-1439, ¶ 105 (reviewing court will generally uphold the sentence if it falls within the guidelines set by the legislature without something more than mere assertion that the maximum consecutive sentence was shocking). Nothing here indicates a shocking sentence. *Page 7 
See McDougle v. Maxwell (1964), 1 Ohio St.2d 68, 69. Moreover, as aforementioned, appellate counsel need not raise every possible issue in order to render constitutionally effective assistance of counsel.Tenace, 109 Ohio St.3d 451 at ¶ 7, citing Sanders,94 Ohio St.3d at 151-152 and Jones, 463 U.S. at 751. This proposed assignment does not warrant reopening.
 {¶ 21} Appellant's final proposed assignment of error claims that the trial court erred in imposing post-release control because, instead of plainly stating that appellant would be subject to three years of post-release control, the court stated that he would be ordered to serve "up to" three years of post-release control. (Tr. 34). For third and fourth degree felonies, the statute says "up to" three years, but for second degree felonies, the statute requires an exact term of three years of post-release control. R.C. 2967.28(B)(2), (C). We also note that the trial court's entry merely states that it provided notice pursuant to R.C. 2967.28, without actually imposing or even mentioning post-release control or the term thereof.
 {¶ 22} When a trial court fails to notify an offender of post-release control at sentencing and fails to incorporate this notice in its entry, the offender must be resentenced, unless he is already released from prison. See, e.g., State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250;State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 2 of syllabus. We note that contrary to appellant's suggestion in his prior reconsideration request, Hernandez is not precisely a case on point.Hernandez v. Kelly, 109 Ohio St.3d 395, 2006-Ohio-126, ¶ 2-3 (where issue before the Court was a total failure to mention post-release control at resentencing and where the Court merely noted that such resentencing was the result of the appellate court's prior remand due to "up to" language). Contrary to the state's position in that prior filing, R.C. 2929.191 does not provide the only method for fixing this type of problem; that procedure exists so the state or court can save the post-release portion of the sentence prior to release from prison, when resentencing is no longer available.
 {¶ 23} A recent Supreme Court decision provides support for appellant's position. State v. Osborne, 116 Ohio St.3d 1228,2008-Ohio-261. The appellate decision being reviewed by the Supreme Court in Osborne stated:
 {¶ 24} "[Appellant] asserts his sentence must be vacated because the trial court informed him that he would be subject to post-release control for `up to three years,' *Page 8 
rather than informing him that the period was for the entire three years. This assertion is rejected * * *." State v. Osborne, 8th Dist. No. 88453, 2007-Ohio-3267, ¶ 39.
 {¶ 25} The Supreme Court originally refused a discretionary appeal from this holding but then reconsidered its refusal and reversed the appellate decision on the grounds of Bezak. Osborne, 116 Ohio St.3d 1228
at ¶ 1-2. Considering this Osborne holding and the line of cases leading up to it, we shall allow reopening on this ground.
 {¶ 26} For the foregoing reasons, reopening shall be permitted only on appellant's proposed assignment of error concerning the post-release control notification. Reopening is denied on all other proposed assignments. The Ohio Public Defender's Office shall be appointed to represent appellant in the reopened appeal. We currently have the record before us. As such, appellant's brief on reopening is due in forty days.
 {¶ 27} Clerk to serve copies of this Order on appellant William Jones, Attorney Rhys Cartwright-Jones at the Mahoning County Prosecutor's Office, and Attorney Timothy Young at the Ohio Public Defenders Office, 8 East Long Street, 11th Floor, Columbus, Ohio 43215.
Vukovich, J., concurs.
Waite, J., concurs.
 DeGenaro, J., concurs. *Page 1