[Cite as *State v. Barnette*, 2021-Ohio-2484.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

LORENZA BARNETTE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 11 MA 0196**

---

Application to Reopen

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor*,* and *Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Lorenza Barnette,* Pro Se, # 620-463, Marion Correctional Institution, P.O. Box 57, Marion Ohio 43301, Defendant-Appellant.

Dated: July 15, 2021

**PER CURIAM.**

{¶1} On May 12, 2021, Appellant, Lorenza Barnette, filed his second untimely pro se App.R. 26(B) application to reopen his direct appeal in *State v. Barnette*, 7th Dist. Mahoning No. 11 MA 196, 2014-Ohio-5673, appeal not allowed, 143 Ohio St.3d 1405, 2015-Ohio-2747, 34 N.E.3d 133, based on ineffective assistance of appellate counsel. Appellee, the State of Ohio, filed a response on June 14, 2021.

{¶2} By way of background, Appellant was convicted and sentenced to life imprisonment without the possibility of parole on two counts of aggravated murder, two counts of kidnapping, and one count of arson following a jury trial. On appeal, appellate counsel raised three assignments of error, including: (1) that the trial court abused its discretion in denying Appellant's motion to reopen the trial; (2) erred in precluding trial counsel from impeaching the credibility of a witness with specific conduct; and (3) erred in overruling Appellant's motion in limine to prohibit testimony regarding statistical DNA population frequency estimates. *Barnette,* 2014-Ohio-5673*,* at ¶ 1, 10, 19, 25. This court found no merit in any of the arguments asserted and affirmed the trial court's judgment on December 17, 2014. *Id.* at ¶ 30.

{¶3} On March 20, 2015, Appellant filed his first untimely pro se App.R. 26(B) application for reopening. This court denied Appellant's application on March 31, 2015. *State v. Barnette*, 7th Dist. Mahoning No. 11 MA 196, 2015-Ohio-1280.

{¶4} On August 13, 2015, Appellant filed an untimely pro se Crim.R. 33 motion for a new trial which the trial court denied without a hearing. This court affirmed the trial court's denial on May 24, 2016. *State v. Barnette*, 7th Dist. Mahoning No. 15 MA 0160, 2016-Ohio-3248.

{¶5} On January 24, 2017, Appellant filed a pro se "Petition to Vacate Void Judgment the Court Lacks Jurisdiction Pursuant to R.C. 2953.23," which the trial court denied. This court affirmed the trial court's denial on December 15, 2017. *State v. Barnette*, 7th Dist. Mahoning No. 17 MA 0027, 2017-Ohio-9074.

{¶6} Appellant continued to file numerous other pro se motions in the trial court including a motion for reconsideration of sentence, another motion for a new trial, and a claim of false imprisonment, all of which the trial court denied.[1]

{¶7} Thereafter, the trial court sua sponte scheduled a resentencing hearing which was held on April 30, 2019. Apparently, at the original sentencing hearing, the trial court failed to impose a mandatory five-year term of post release control on Appellant's kidnapping sentences. At the resentencing hearing, the court imposed a mandatory five-year period of post release control and explained the post release control terms. The court then ordered that all other aspects of Appellant's sentence would remain in effect. The trial court entered its judgment on September 17, 2019.

{¶8} Appellant filed a timely appeal, Case No. 19 MA 0114. On December 18, 2020, this court reversed and vacated the trial court's judgment and remanded the matter for the limited purpose to allow the court to hold a notification of post release control hearing in accordance with R.C. 2929.191. *State v. Barnette*, 7th Dist. Mahoning No. 19 MA 0114, 2020-Ohio-6817.

{¶9} At issue here is Appellant's second untimely pro se App.R. 26(B) application to reopen his direct appeal in *Barnette,* 2014-Ohio-5673. We find no case authority authorizing a party to file successive applications for reopening.

> App.R. 26(B)(1) and (2)(b) require applications to reopen based on ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision. App.R. 26(B)(1), (2)(b); *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861. The ninety-day requirement applies to all appellants. *State v. Buggs,* 7th Dist. Mahoning Nos. 06 MA 28, 07 MA 187, 2009-Ohio-6628, ¶ 5.

> If an application for reopening is not filed within the ninety day time period, an appellant must make a showing of good cause justifying the delay in filing. *State v. Dew,* 7th Dist. Mahoning No. 08 MA 62, 2012-Ohio-434.

---

1. The trial court's judgment denying Appellant's second motion for a new trial is currently pending on appeal before this court, Case No. 21 MA 0022.

*State v. Frazier*, 7th Dist. Belmont No. 16 BE 0040, 2020-Ohio-993, ¶ 5-6.

{¶10} Appellant's present application was filed on May 12, 2021, approximately six and one-half years after this court's December 17, 2014 decision. *Barnette*, 2014-Ohio-5673. Therefore, Appellant's application is untimely on its face as it clearly was not filed within the 90-day time requirement pursuant to App.R. 26(B)(1) and (2)(b). Upon review, Appellant again fails to establish good cause for the delay. *Frazier, supra,* at ¶ 6. Even assuming that Appellant had complied with the requirements of App.R. 26(B)(1) and (2)(b), he fails to meet the standard for reopening this appeal. *See State v. Romeo*, 7th Dist. Mahoning No. 14 MA 0060, 2018-Ohio-2482, ¶ 6.

> The test for ineffective assistance of counsel requires a defendant to prove (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984). Under this test, a criminal defendant seeking to reopen an appeal must demonstrate that appellate counsel was deficient for failing to raise the issue presented in the application for reopening and that there was a reasonable probability of success had that issue been raised on appeal. [*State v.*] *Spivey*[, 84 Ohio St.3d 24,] 25 [(1998)].
>
> * * *
>
> Under App.R. 26(B), an applicant must set forth "(o)ne or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation." App.R. 26(B)(2)(c).

*State v. Hackett*, 7th Dist. Mahoning No. 17 MA 0106, 2019-Ohio-3726, ¶ 6, 9.

> [Furthermore] [i]t should finally be noted that appellate counsel need not raise every possible issue in order to render constitutionally effective assistance. [*State v.*] *Tenace,* 109 Ohio St.3d 451 at ¶ 7, 849 N.E.2d 1,

citing *State v. Sanders* (2002), 94 Ohio St.3d 150, 151-152, 761 N.E.2d 18. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes* (1983), 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987.

*State v. Jones*, 7th Dist. Mahoning No. 06 MA 17, 2008-Ohio-3352, ¶ 6.

**{¶11}** Appellant raises five assignments of error in his application: (1) appellate counsel was ineffective for not appealing a final judgment; (2) appellate counsel was ineffective for failing to make sure that Appellant truly possessed meaningful appellate rights because he lacked a final appealable order; (3) trial counsel was ineffective for not hiring a pathologist to challenge the State's cause of death; (4) trial counsel was ineffective for not looking into alleged inconsistencies in a State's witness's testimony and for not securing a transcript; and (5) trial counsel was ineffective for the many other errors committed throughout the case.

**{¶12}** In his first and second assignments of error, Appellant challenges his appellate counsel's representation. Appellant contends that appellate counsel was ineffective because the trial court's October 26, 2011 judgment entry of conviction was not a final appealable order because it failed to include a mandatory period of post release control. The Supreme Court of Ohio has recently held that "[w]hen the sentencing court has jurisdiction to act, sentencing errors in the imposition of postrelease control render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 42. Accordingly, "any claim that the trial court has failed to properly impose postrelease control in the sentence must be brought on appeal from the judgment of conviction or the sentence will be subject to res judicata." *Id.* at ¶ 43. Thus, the trial court's October 26, 2011 judgment entry of conviction was a final appealable order and Appellant's claim regarding post release control is res judicata.

**{¶13}** In his third, fourth, and fifth assignments of error, Appellant challenges his trial counsel's representation. Specifically, Appellant asserts that trial counsel was ineffective for not hiring a pathologist to challenge the State's cause of death, for not

looking into alleged inconsistencies in a State's witness's testimony and for not securing a transcript, and for the many other errors committed throughout the case. Because these ineffective assistance arguments relate to trial counsel, not appellate counsel, they are inapplicable here. *Romeo, supra,* at ¶ 10.

**{¶14}** For the foregoing reasons, Appellant fails to demonstrate good cause for the delay in filing. Even if Appellant were to demonstrate good cause for the delay, he fails to establish that he was denied the effective assistance of counsel on appeal. Thus, Appellant's second untimely pro se App.R. 26(B) application for reopening is hereby denied.

**JUDGE DAVID A. D'APOLITO**

**JUDGE GENE DONOFRIO**

**JUDGE CAROL ANN ROBB**

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**

<u>Case No. 11 MA 0196</u>