[Cite as *Sate v. Smith*, 2026-Ohio-387.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellant,

v.

KENNETH SMITH,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 BE 0058**

---

Application to Reopen

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. J. Kevin Flanagan,* Belmont County Prosecutor, and *Atty. Jacob A. Manning,* Assistant Prosecuting Attorney, for Plaintiff-Appellee (No Response Filed) and

Kenneth Smith, Defendant-Appellant.

Dated: February 6, 2026

**PER CURIAM.**

{¶1} On December 17, 2025, pro se Appellant, Kenneth Smith, filed an App.R. 26(B) application to reopen his direct appeal in *State v. Smith*, 2025-Ohio-4578 (7th Dist.). Appellee, the State of Ohio, did not file a response.

{¶2} Appellant was convicted of possession of a fentanyl-related compound and aggravated possession of drugs (methamphetamine) and consecutively sentenced to a total aggregate sentence of 15 to 20 and one-half years in prison following a bench trial. In Appellant's direct appeal, appellate counsel asserted Appellant's convictions were not supported by the manifest weight of the evidence. Appellate counsel also alleged Appellant's consecutive sentences were not supported by the record. This court found no merit in either argument and affirmed the trial court's judgment on September 30, 2025. *Smith* at ¶ 1, 42.

> App.R. 26(B)(1) and (2)(b) require applications to reopen based on ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision. App.R. 26(B)(1), (2)(b); *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861. The ninety-day requirement applies to all appellants. *State v. Buggs,* 7th Dist. Mahoning Nos. 06 MA 28, 07 MA 187, 2009-Ohio-6628, ¶ 5.

> If an application for reopening is not filed within the ninety day time period, an appellant must make a showing of good cause justifying the delay in filing. *State v. Dew,* 7th Dist. Mahoning No. 08 MA 62, 2012-Ohio-434.

*State v. Frazier*, 2020-Ohio-993, ¶ 5-6 (7th Dist.).

{¶3} As stated, Appellant's pro se application for reopening was filed on December 17, 2025. Therefore, his application is timely as it was filed within the 90-day timeframe of this court's September 30, 2025 decision. *Smith*, 2025-Ohio-4578 (7th Dist.); App.R. 26(B)(1) and (2)(b). Upon review, however, Appellant fails to meet the standard for reopening this appeal. *See State v. Romeo*, 2018-Ohio-2482, ¶ 6 (7th Dist.).

Claims of ineffective assistance of appellate counsel under App.R. 26(B) are subject to the two-pronged analysis enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See State v. Simpson*, 164 Ohio St.3d 102, 2020-Ohio-6719, 172 N.E.3d 97, ¶ 14, *Id.* at ¶ 23 (O'Connor, C.J., concurring), *Id.* at ¶ 28 (Fischer, J., concurring); *State v. Reed*, 74 Ohio St.3d 534, 535, 660 N.E.2d 456 (1996); *see also* 1993 Staff Notes to App.R. 26 ("The term 'ineffective assistance of counsel' is intended to comprise the two elements set forth in *Strickland*").

In accordance with the *Strickland* analysis, an applicant must show that (1) appellate counsel's performance was objectively unreasonable, *id.* at 687, 104 S.Ct. 2052, and (2) there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. 2052. *See Smith v. Robbins*, 528 U.S. 259, 285-286, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). . . .

*State v. Leyh*, 2022-Ohio-292, ¶ 17-18.

Under App.R. 26(B), an applicant must set forth "[o]ne or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation." App.R. 26(B)(2)(c).

*State v. Hackett*, 2019-Ohio-3726, ¶ 9 (7th Dist.).

[Furthermore] [i]t should finally be noted that appellate counsel need not raise every possible issue in order to render constitutionally effective assistance. [*State v.*] *Tenace,* 109 Ohio St.3d 451 at ¶ 7, 849 N.E.2d 1, citing *State v. Sanders* (2002), 94 Ohio St.3d 150, 151-152, 761 N.E.2d 18. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes* (1983), 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987.

*State v. Jones*, 2008-Ohio-3352, ¶ 6 (7th Dist.).

{¶4} In support of his position to reopen this appeal, Appellant raises three assignments of error. Appellant's pro se assignments are voluminous in length but can be briefly summarized as follows: (1) appellate counsel's decision to not raise any argument challenging the jury waiver is ineffective assistance because Appellant's oral waiver was invalid since it was not made in a knowing manner in "open court"; (2) appellate counsel's decision to not raise a sufficiency of the evidence argument is ineffective assistance; and (3) appellate counsel was deficient for failing to raise a malicious prosecution claim because the weight of the evidence to convict him was deficient. *See* (12/17/2025 Appellant's Application to Reopen, p. 2-3, 4-5); (12/4/2025 Appellant's Affidavit, p. 9).

{¶5} Regarding Appellant's first assignment of error, appellate counsel's decision to not raise any argument challenging the jury waiver does not amount to ineffective assistance.

{¶6} Appellant claims his oral waiver was invalid because it was not made in a knowing manner in "open court."

> "[T]he term 'open court' means that court is in session and the judge is on the bench." *State v. Davis*, 2008-Ohio-6741, ¶ 15 (9th Dist.), quoting *State v. Monroe*, 2000 WL 807228, *5 (4th Dist. June 14, 2000). "To satisfy the 'in open court' requirement in R.C. 2945.05, there must be some evidence in the record that the defendant while in the courtroom and in the presence of counsel, if any, acknowledged the jury waiver to the trial court." *Lomax*, 2007-Ohio-4277, at paragraph two of the syllabus.

*State v. Mason*, 2024-Ohio-2796, ¶ 11 (9th Dist.).

{¶7} The record reflects Appellant was indicted on January 4, 2024. Appellant was appointed counsel and pled not guilty at his arraignment. However, multiple counsel were later appointed and permitted to withdraw. Following delays associated with bringing in new counsel and allowing counsel to withdraw, a jury trial was set for December 17, 2024.

{¶8}   Appellant had been released on bond, but on October 9, 2024, Appellant's urine tested positive for cannabinoid and cocaine.  Therefore, the State filed a motion to revoke bond.  At a hearing held on October 21, 2024, Appellant's bond was revoked and he was detained pending the jury trial.  Appellant's fourth counsel moved to withdraw due to a breakdown in communication with Appellant but the trial court overruled the motion.

{¶9}   The parties appeared for the scheduled jury trial on December 17, 2024.  As the jury was waiting in the hallway, Appellant was present in the courtroom with his trial counsel.  In open court, appellant notified the trial judge, who was on the bench, of his desire to waive his right to a jury trial.  The trial court reviewed all components of Appellant's right to a jury trial with him.  Appellant acknowledged that right and indicated that he wished to waive it and proceed with a bench trial.  There is no indication in the record that Appellant did not understand what he was doing.  As a result of Appellant's waiver, the case proceeded as a bench trial.

{¶10}  Appellate counsel's decision to not raise any argument challenging the jury waiver does not amount to ineffective assistance in this case.

{¶11}  Appellant's first assignment of error is without merit.

{¶12}  Regarding Appellant's second assignment of error, appellate counsel's decision to not raise a sufficiency of the evidence argument is not ineffective assistance constituting reversible error under *Strickland*.

{¶13}  A sufficiency of the evidence argument involves a strategic choice of counsel that falls within the realm of trial strategy and tactics that would not ordinarily be disturbed on appeal.  *See State v. Littlejohn*, 2012-Ohio-1064, ¶ 8 (8th Dist.).

{¶14}  A review of the evidence adduced at trial, in a light most favorable to the prosecution, reveals that any rational trier of fact could have found all the essential elements of the offenses of possession of a fentanyl-related compound and aggravated possession of drugs (methamphetamine) proven beyond a reasonable doubt.  The testimony of the State's witnesses clearly demonstrates that Appellant's convictions were supported by substantial evidence.  Appellant has failed to establish any prejudice or show that the outcome of his appeal would have been different had appellate counsel raised a sufficiency argument.

Case No. 24 BE 0058

**{¶15}** Appellate counsel instead elected to raise a manifest weight argument. In Appellant's direct appeal, this court stated:

Again, in the Spring of 2023, detectives with BCSD began an investigation into a man named T.O. "Teddy" Coleman. Coleman had been previously arrested by another law enforcement agency in Belmont County. BCSD began seeing him at an area hotel and started surveilling him. They noticed that Coleman began frequenting an address in Bellaire, Belmont County, Ohio. On June 13, 2023, detectives installed a pole camera on Trumbull Street in Bellaire in order to surveil a resident duplex, 4152 and 4154 Trumbull Street. Detectives observed what they believed to be drug transactions occurring at the addresses. They were able to identify Appellant as frequently being at the addresses.

On June 19, 2023, based on the observations from the pole camera, officers applied for a search warrant for both addresses of the duplex. Appellant and Leasure were found on the 4154 side of the building. On that side, officers located a safe in the upstairs bedroom closet. The safe was removed from the closet and forced open. Located inside were blue round pills, which later were found to contain fentanyl. They also found a crystalline substance in a bag as well as paraphernalia. In the same room, officers found a Glock 43 handgun that had been reported stolen by Leasure. Appellant and his small child were located in the bedroom. Officers also found blue pills on the window sill, the white chunky substance on the roof, the two cell phones in the bedroom, and the multi-color pills in the bedroom safe.

Two cell phones were recovered from the residence and analyzed. Appellant was identified as owning one of the phones. Detectives indicated there were people messaging Appellant's phone asking about drugs. Individuals would arrive around the time of the messages. Messages were in code and recognized by the detectives as describing drugs, i.e., texts

would include the words, "[b]lue monsters" and "blues" which referred to blue pressed fentanyl pills. (12/17/2024 Bench Trial Tr., p. 168). Messages revealed exchanges with individuals about purchasing drugs, as well as Appellant purchasing a pill press, which was delivered after his arrest.

The State pointed to substantial evidence, as stated and addressed above in detail, that reasonably supported that Appellant exerted control over the drugs at issue which was sufficient to support the possession charges. Again, a defendant's proximity to drugs may constitute some evidence of constructive possession and a defendant's conviction for drug possession can be based upon circumstantial evidence of possession. *See Orrell*, 2024-Ohio-1194, at ¶ 43 (7th Dist.).

The trial court chose to believe the State's witnesses. *DeHass,* 10 Ohio St.2d at paragraph one of the syllabus. Based on the evidence presented, the court did not clearly lose its way in finding Appellant guilty of possession of a fentanyl-related compound and aggravated possession of drugs (methamphetamine). *Thompkins,* 78 Ohio St.3d at 387.

*Smith*, 2025-Ohio-4578, at ¶ 26-30 (7th Dist.).

**{¶16}** Appellate counsel's decision to not raise a sufficiency of the evidence argument does not amount to ineffective assistance constituting reversible error under *Strickland*.

**{¶17}** Appellant's second assignment of error is without merit.

**{¶18}** Appellant's third assignment of error is not properly listed and argued in his pro se application to reopen but instead is set forth in his attached affidavit. *See* (12/4/2025 Appellant's Affidavit, p. 9). Appellant believes appellate counsel was deficient for failing to raise a malicious prosecution claim because the weight of the evidence to convict him was deficient.

**{¶19}** Again, appellate counsel need not raise every possible issue in order to render constitutionally effective assistance. *See Jones*, 2008-Ohio-3352, at ¶ 6 (7th Dist.). There is no evidence in the record that the prosecutor acted with malice.

Furthermore, appellate counsel did raise a manifest weight argument. As addressed, this court stated in Appellant's direct appeal that based on the evidence presented, the trial court did not clearly lose its way in finding Appellant guilty of possession of a fentanyl-related compound and aggravated possession of drugs (methamphetamine). *Smith*, 2025-Ohio-4578, at ¶ 30 (7th Dist.).

**{¶20}** Appellant's third assignment of error is without merit.

**{¶21}** Upon consideration, we fail to see any ineffective assistance of appellate counsel warranting a reopening. Accordingly, Appellant's pro se App.R. 26(B) application to reopen his direct appeal is hereby denied.

**JUDGE KATELYN DICKEY**

**JUDGE CAROL ANN ROBB**

**JUDGE MARK A. HANNI**

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**

Case No. 24 BE 0058