DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on an application for a petition for writ of habeas corpus filed by petitioner, Brian Giving, against respondent, the "Sheriff of Erie County." Petitioner contends that he has been incarcerated in the Erie County Jail ever since November 10, 2005, when the Erie County Common Pleas Court unlawfully revoked his bond.
 {¶ 2} Petitioner states that on November 8, 2005, he entered into a plea agreement that set his sentencing date for January 5, 2006. Petitioner further states that his bond was ordered continued at that time.
 {¶ 3} On November 10, 2005, at 10:55 a.m., the state of Ohio filed a motion to revoke petitioner's bond on the grounds that petitioner violated the terms and conditions of his bond by associating with an individual who was participating in illegal activities. Attached to the state's motion was a police report demonstrating that on November 9, 2005, petitioner was present on the scene where officers were executing a search warrant at the apartment of, and subsequently arresting, one LaDonte Skelton. According to the police report, petitioner told reporting officer Lieutenant Max Jarrett that he wanted the police to get Skelton to the jail as soon as possible so he could "bond his boy out," and that he would have Skelton out "in a minute" because petitioner had plenty of money that the police missed when they arrested him. The report further stated that petitioner, when told by police that he could leave the area, indicated that he wanted to get "his boy's" car and remained in the area until he saw Skelton's car being towed from the scene for forfeiture.
 {¶ 4} On the same date, and at the same time, that the motion to revoke was filed, the trial court issued a two-page judgment entry which granted the motion and accelerated the sentencing date to November 17, 2005.
 {¶ 5} According to petitioner, the state's motion was not received by his counsel until November 14, 2005.
 {¶ 6} Sometime before the scheduled sentencing date of November 17, 2005, petitioner filed an affidavit of disqualification against the trial judge assigned to his case. Thereafter, the sentencing date was stayed pending the outcome of the disqualification. Petitioner claims that, as of December 8, 2005, his counsel has been verbally informed by a magistrate of the Erie County Common Pleas Court that petitioner's sentencing in this matter has been re-set for December 13, 2005, at 9:00 a.m.
 {¶ 7} With petitioner's sentencing presumably scheduled for December 13, 2005, his petition in this case is likely moot. Nevertheless, we will go forward with a review petitioner's concerns.
 {¶ 8} Petitioner asserts in support of his petition for writ of habeas corpus that the November 10, 2005 judgment entry improperly granted the state's motion to revoke bond because: (1) it contained no reason for the bond revocation; (2) it contained no findings of fact and conclusions of law; (3) there was no hearing before the court; (4) there were no supporting citations in the motion filed by the State, as required by Crim.R. 47; and (5) it indicated that the prosecutor would grant extradition, despite the state's having made no request for such in its motion. Petitioner further complains that the judgment entry came as the result of unlawful ex parte communications between the state and the trial court.
 {¶ 9} Regarding the trial court's authority to revoke bond after conviction and pending sentence, Crim.R. 32(A) relevantly provides that "[p]ending sentence, the court may commit the defendant or continue or alter the bail. * * *" (Emphasis added.) In addition, Crim.R. 46(H) states that "the same bond shall continue as a matter of right until the return of a verdict or the acceptance of a guilty plea. In the discretion of the trialcourt, the same bond may also continue pending sentence. * * *" (Emphasis added.)
 {¶ 10} These rules clearly indicate that it is within the trial court's discretion to continue bond pending the imposition of sentence. Cf., State v. Jacoby (Nov. 10, 1986), 12th Dist. No. CA 86-03-005 (reaching same conclusion using prior versions of cited rules.) Under the circumstances of the instant case, where there is undisputed evidence that petitioner violated a condition of his bond, we perceive no abuse of discretion by the trial court in refusing to continue petitioner's bond pending the final imposition of sentence.
 {¶ 11} The law is clear that "[i]f it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed." R.C. 2725.05.
 {¶ 12} In this case, where petitioner is in the custody of the Erie County jail by virtue of the trial court's journalized entry, which properly revoked petitioner's bond pending sentencing, petitioner may not maintain this action in habeas corpus. Accordingly, we dismiss this action sua sponte.
 {¶ 13} Petitioner is to pay costs, and the clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
ACTION DISMISSED.
Arlene Singer, P.J., William J. Skow, J., Dennis M. Parish,J., Concur.