[Cite as *State v. Ringel*, 2016-Ohio-5172.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-15-1298

     Appellee                              Trial Court No. CR0201501854

v.

Andrew Ringel                              **DECISION AND JUDGMENT**

     Appellant                             Decided:  July 29, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
David F. Cooper, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

Andrew Ringel, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Andrew Ringel, appeals the October 30, 2015 judgment of the Lucas County Court of Common Pleas which, following his guilty plea to one count of permitting drug abuse, was sentenced to 11 months of imprisonment.  For the reasons that follow, we affirm.

{¶ 2} On May 22, 2015, appellant was indicted on one count of trafficking in marijuana, R.C. 2925.03, a third degree felony, and one count of possession of marijuana, R.C. 2925.11, a third degree felony. Appellant entered not guilty pleas to the charges. On September 16, 2015, appellant agreed to be charged under a bill of information to one count of permitting drug abuse, R.C. 2925.13, a fifth degree felony. In exchange for appellant's guilty plea, the state agreed to recommend a community control sanction. Appellant then entered a plea of guilty to the charge and was sentenced to 11 months in prison. The trial court entered a nolle prosequi to the charges brought under the indictment. This appeal followed.

{¶ 3} Appellant has appealed the conviction and sentence to this court through appointed counsel. Appellant's counsel advises the court, however, under procedures announced in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), that she has thoroughly examined the record, discussed the case with appellant, and is unable to find meritorious grounds for appeal. Following *Anders* procedure, appellate counsel filed a brief setting forth potential grounds for appeal and also filed a request to withdraw as counsel.

{¶ 4} Counsel notified appellant of her inability to find meritorious grounds for appeal and provided appellant with copies of both the *Anders* brief and her motion to withdraw. Counsel advised appellant of his right to file his own appellate brief. Appellant has filed an additional brief.

2.

**{¶ 5}** In her *Anders* brief, counsel has asserted two potential assignments of error:

Potential First Assignment of Error: The trial court committed reversible error when it allowed appellant to plead guilty to a felony charge which was not presented to a grand jury, based on appellant's waiver of prosecution by indictment, and consent to be prosecuted through information.

Potential Second Assignment of Error: The trial court committed reversible error when it did not follow the state's sentencing recommendation, and sentenced appellant to prison.

**{¶ 6}** Appellant has also raised two potential assignments of error. They provide:

First Assignment of Error: The trial court committed reversible error when the judge overreached her powers in not allowing defendant to put his legal affairs in order prior to sentencing. Due to this defendant's sentencing [sic] was prejudiced by the unresolved issues in California.

Second Assignment of Error: Defendant's counsel acted unreasonably under prevailing professional norms when acting on defendant's behalf and with advice. Due to this defendant received ineffective assistance of counsel.

**{¶ 7}** Appellant's counsel first argues that the trial court erred when it allowed appellant to enter a guilty plea to a felony change which was not presented to grand jury and charged by indictment. As to a charge by information, R.C. 2941.021provides:

3.

Any criminal offense which is not punishable by death or life imprisonment may be prosecuted by information filed in the common pleas court by the prosecuting attorney if the defendant, after he has been advised by the court of the nature of the charge against him and of his rights under the constitution, is represented by counsel or has affirmatively waived counsel by waiver in writing and in open court, waives in writing and in open court prosecution by indictment.

{¶ 8} As required under R.C. 2941.021, during appellant's September 16, 2015 plea hearing the trial court informed appellant of his right to be charged through an indictment by a grand jury; appellant indicated that he understood and that he desired to waive prosecution by indictment and consent to be prosecuted by information. Appellant's consent was memorialized in a signed document which specifically indicated his waiver of prosecution by indictment. Accordingly, we find that appellant's counsel's first potential assignment of error is not well-taken.

{¶ 9} In appellant's counsel's second potential assignment of error she argues that the trial court erred when it rejected the state's sentencing recommendation and sentenced appellant to prison. As this court has stated:

The plain meaning of the term "recommendation" undermines appellant's contention that he believed that the trial court was bound by the state's recommended two year sentence under the plea agreement. To recommend is to "advise" or "to present as worthy of acceptance or trial."

Webster's Ninth New Collegiate Dictionary (1990) 984. (Internal citation omitted.) State v. Medrano, 6th Dist. Wood No. WD-08-006, 2008-Ohio-5809, ¶ 13.

{¶ 10} At the plea hearing appellant was clearly informed that the trial court was not required to follow the state's sentencing recommendation. The following discussion took place:

> THE COURT: [A]s to that promise [that the state] will recommend community control, you understand I'm not bound by that recommendation, do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And in other words, so you truly understand the consequences of the plea, presume the worst in the sense that you'll know your exposure that would be that the court would make findings, send you to the penitentiary, * * * do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And you understand the court is not bound by the State's recommendation?
>
> THE DEFENDANT: Yes, Your Honor.

{¶ 11} Based on the foregoing, we find that the court did not err by not following the state's sentencing recommendation. Appellant's counsel's second potential assignment of error is not well-taken.

5.

{¶ 12} In appellant's first potential assignment of error he contends that the trial court erred by not allowing him to return to California prior to sentencing in order to "put his legal affairs in order." Denying appellant's request to go to California for one week, the court noted that there was not a fugitive warrant pending and that, due to the distance, it was in Ohio's interest to retain appellant to ensure that he address the charges against him.

{¶ 13} Reviewing the argument, we note that a trial court has discretion to continue bond pending the imposition of sentence. *Giving v. Erie Cty. Sheriff*, 6th Dist. Erie No, E-05-092, 2005-Ohio-6844, ¶ 10. Such discretion contemplates the conditions of bond, including conditions of travel. Reviewing the discussion regarding appellant's request to travel to California, we cannot find that the trial court abused its discretion when it denied the request. Appellant's first potential assignment of error is not well-taken.

{¶ 14} In appellant's second potential assignment of error he complains that his trial counsel was ineffective by failing to properly pursue appellant's desire to return to California to address an outstanding warrant. Specifically, appellant argues that counsel should have addressed the issue by motion prior to the plea hearing. Appellant claims that his inability to return to California may have impacted his decision to enter a plea.

{¶ 15} To establish ineffective assistance of counsel, an appellant must demonstrate "(1) deficient performance of counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable

6.

probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale,* 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland v. Washington,* 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Sanders,* 94 Ohio St.3d 150, 151, 761 N.E.2d 18 (2002). When, however, a defendant enters a guilty plea or no contest plea, he waives the right to claim that he was prejudiced by constitutionally ineffective counsel, unless the conduct complained of is shown to have prevented the defendant from making a knowing and voluntary plea. *State v. Barnett*, 73 Ohio App.3d 244, 248-249, 596 N.E.2d 1101 (2d Dist.1991).

{¶ 16} Upon review of the record below, we cannot say that appellant's trial counsel was ineffective. Appellant was indicted on trafficking in marijuana and possession of marijuana, third degree felonies, each count with a prison sentence range of nine to 36 months. Appellant's counsel negotiated a very favorable plea agreement, permitting drug abuse, a fifth degree felony, with a prison term range of six to 12 months.

{¶ 17} Regarding appellant's desire to return to California, at the September 16, 2015 plea hearing counsel addressed the matter at length with the trial court demonstrating that he had been in contact with appellant's probation officer in California and had made arrangements necessary to ensure that appellant would be gone only for the week requested. The state did not make an opposing argument. Appellant has not presented any evidence in the record that the court would have granted a motion had one

7.

been filed or that appellant would not have entered his guilty plea. Appellant indicated that he was satisfied with counsel's representation. In addition, at the October 29, 2015 sentencing hearing it was apparent that appellant's counsel was well-acquainted with appellant and the facts of his case; he spoke effectively on appellant's behalf. Accordingly, appellant's second potential assignment of error is not well-taken.

{¶ 18} This court, as required under *Anders*, has undertaken an independent examination of the record to determine whether any issue of arguable merit was presented for appeal. We have found none. Accordingly, we find this appeal is without merit and wholly frivolous. We grant the motion of appellant's counsel to withdraw as counsel in this appeal and affirm the judgment of the Lucas County Court of Common Pleas. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal. The clerk is ordered to serve all parties, including the defendant if he has filed a brief, with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

8.

Mark L. Pietrykowski, J.       _____

                JUDGE

Thomas J. Osowik, J.

              _____

Stephen A. Yarbrough, J.        JUDGE
CONCUR.

              _____

                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.